THE TOWN OF GRISWOLD *vs.* GALLUP.

To sustain an action for damages, resulting from the neglect to perform some duty, required, either by the common law, or by a public statute, it is not necessary to aver, in the declaration, the manner in which that duty is imposed.

Where, however, an action is brought to recover a *penalty* imposed by statute, the rule is otherwise, and it is necessary to aver, that the acts complained of were contrary to the statute imposing the penalty.

The statute relating to highways is a public statute, and as such will be noticed by courts, although not specially set out in the pleadings.

Therefore, in an action on the case, for an injury resulting from the neglect of a town to keep in sufficient repair a public highway, and to erect a railing on the sides of a road and bridge, so raised above the adjoining ground as to endanger the safety of travelers ; it was held, that a declaration which contained no averment, that the liability of the defendants was imposed by statute, was not, on that account, insufficient.

THIS was an action on the case, tried before the superior court, holden at Brooklyn, in April, 1852.

In the declaration, it was alleged, that it was, by law, the duty of the defendants, to keep in good and sufficient repair a certain road and bridge, in the town of Griswold ; that they were so raised above the adjoining ground as to endanger the safety of travelers ; and that the defendants, neglecting their duty, omitted to keep the road in repair, and to erect a railing on the sides of the road and bridge. The plaintiff, having occasion to pass the bridge and along the road, by reason of the absence of a railing on the sides of the bridge, and the wrongful neglect and omission of the defendants to keep the railing and the road in sufficient repair, was thrown out of the wagon and off the bridge, and seriously injured.

The jury having returned a verdict in favor of the plaintiff, the defendants moved, in arrest of judgment, because it was not alleged in the declaration, that the liability or duty of the defendants, to make and maintain the road, bridge and railing, was imposed upon them by force of the statute· The superior court adjudged the declaration sufficient ; and the defendants, by a motion in error, brought the cause before this court.

*Welch* and *Penrose*, for the plaintiffs in error, contended, 1. That an action at common law may be maintained upon a liability created by statute. *Hartford & N. Haven R. R. Co.* v. *Kennedy*, 12 Conn. R., 499. *Hiles* v. *Shrewsbury,*

3 East, 455. *Thornhill* v. *Township of Huddersfield*, 11 *id.,* 349. *Sharp* v. *Curtiss*, 15 Conn: R., 526. Stephens' *Nisi Prius*, 1010. 1 Black. Com., 51. *Wood* v. *Waterville*, 4 Mass. R., 422. *Lewis* v. *Town of Litchfield*, 2 Root, 436.

2. The declaration is, in substance, a declaration on the statute. The statute is pleaded. Gould's Pleadings, p. 56, note. " *Contra formam statuti*" is a matter of mere form, the omission of which is to be taken advantage of only by special demurrer, and is cured by verdict. The character of a declaration is to be determined by its allegations, and not by the meaning the pleader may attach to it. *Gates* v. *Miles*, 3 Conn. R., 64. All the facts necessary to bring the cause within the statute are alleged. It is sufficient, if it appear from the whole declaration, that the action is brought upon the statute. *Barkhamsted* v. *Parsons*, 3 Conn. R., 1. *Tombs* v. *Painter*, 13 East, 1. 1 Chitty's Pl., 285, 639. *Spencer* v. *Overton*, 1 Day, 184. *Conner* v. *Harris*, 1 Comstock, 223. Stat. 1849, p. 417.

*Foster*, for the defendant in error, contended, 1. That the liability of the town arises solely from the statute: it is unknown to the common law. The only question, then, would seem to be,—is this declaration at common law, or on the statute? The rule in relation to actions brought on statutes, is thus stated by Chitty: " If however, an offence be created by a statute, and a penalty be inflicted, the mere statement of the facts constituting the offence will be insufficient; for there must be an express reference to the statute, as by the words ' contrary to the form of the statute,' &c, in order that it may appear, that the plaintiff grounds his case *upon*, and intends to bring it *within* the statute." 1 Chitty's Pl., 215, (Springfield ed., 1844.) 2 Sw. Dig., 570, 571.

In all the forms, in Chitty and Swift, and in other form books, there is special reference to the statute, in terms clearly making it known, that the plaintiff grounds his ac-

tion *upon,* and intends to bring it *within* the statute. There are numerous decisions to the same effect. *Cross* v. *U. S.,* 1 Gall. R., 26. *Sears* v. *U. S., id.,* 257. *Smith* v. *U. S., id.,* 261.

2. When a penalty is given by statute, and a civil action is provided for its recovery, it is essential, not only to set forth the provisions in the statute, but, there must be a direct allegation, that the offence, for which the penalty is given, was committed against the form of the statute: *Peabody* v. *Hoyt,* 10 Mass. R., 39. *Scroter* v. *Harrington,* 1 Hawks, 192. *Barkhamsted* v. *Parsons,* 3 Conn. R., 1.

3. If the claim is made, that, after verdict, the allegation that it was, by law, the duty of the defendants to make repairs, &c., shall be considered sufficient, we reply, that the verdict of the jury can not alter the law. That which is not law in an allegation, does not become law, by being found by the verdict of a jury. *Lee* v. *Clark,* 2 East, 340. 7 Mass. R., 9. 9 *id.,* 248.

WAITE, J. The statute relating to highways, requires the several towns in this state to make and keep in repair all the necessary highways and bridges within their limits, except where it belongs to some particular person, or corporation, to maintain them. And it further provides, that if any person shall receive any injury, by means of any defective bridge or road, the town, which ought to keep the same in repair, shall pay to the party injured just damages. Stat. 1849, p. 416, 417.

It is insisted, on the part of the defendants, that, as their obligation to repair the road in question, was imposed by the statute, and not by the common law, it was incumbent on the plaintiff to aver in his declaration, that such obligation was given by the statute, and that, not having done so, the declaration is insufficient, even after verdict.

It is however alleged, that it was the duty of the defendants to keep the road and bridge in repair, and that on the tri-

al, that allegation must have been proved, in order to entitle the plaintiff to a verdict. The question now is, whether that allegation is sufficient, without a further averment; that such duty was created by force of the statute.

Wherever a person sustains an injury, in consequence of the neglect of another to perform some duty, required either by the common law, or by a public statute, in an action to recover damages for such injury, he need not state, in his declaration, the manner in whioh that duty was imposed. It is enough for him to state such facts as, under the general law, of which courts will take judicial notice, entitle him to the redress he seeks. The statute relating to highways is a public statute, and as such will be noticed by courts, although not specially set out in the pleadings.

The rule, however, is different, when the action is brought to recover a *penalty* given by statute. There, it is necessary to aver, that the acts complained of were contrary to the statute imposing the penalty.

Thus, the liability of towns to support their paupers, residing in other towns, is created by statute, and not by the common law ; and yet, when they are sued for such support, it is not necessary that there should be an averment in the declaration, stating the manner in which such liability arose ;—nor is such the practice.

But, where an action is brought to recover a penalty given by the statute, for carrying a pauper into, and leaving him in, a town where he has no settlement, the plaintiff must aver that the acts complained of, were against the statute. *Barkhamsted* v. *Parsons*, 3 Conn. R., 1.

Other cases, decided in our own eourts, might be cited, in support of the principles we have stated. Thus, in an action against a turnpike company, incorporated by a private statute, to recover damages for an injury received, in consequence of a defect in their road, which, it was averred, it was their duty to repair, the plaintiff having obtained a ver-

dict, the defendants moved in arrest of judgment, because, among other reasons, it was not stated, in what manner that duty was imposed. But the motion was overruled, and the verdict sustained. *Goshen & Sharon Turnpike Co.* v. *Sears,* 7 Conn. R., 86.

So in another case, where an action was brought upon the statute relating to fences, to recover the expense of making a part of the divisional fence between the parties, which fence, it was alleged in one count in the declaration, (the plaintiff and defendant being adjoining proprietors,) the defendant was bound to maintain and keep in repair; after the issue had been found against the defendant, he moved in arrest of judgment,—on the ground, that the declaration did not state how the obligation arose; but the court held the count referred to sufficient. *Sharp* v. *Curtiss,* 15 Conn. R., 526.

Other cases might be cited, of like effect, but these are sufficient to sustain the decision in the court below. Our opinion therefore, is, that there is nothing erroneous in the judgment complained of.

In this opinion, the other judges concurred, except STORRS, J., who tried the cause in the court below, and was disqualified.

Declaration sufficient.