DURHAM BECKETT, Plaintiff in Error, *v.* JAMES BECKETT, Defendant in Error.

1. *Trespass — Damage* quare clausum fregit — *Domestic stock — Allegations as to* scienter.—The doctrine is well settled that where an action of trespass or case is brought for mischief done the person or personal property of another by animals *mansuetæ naturæ*, such as horses, cattle, sheep and swine, the petition must show that the owner had notice of their viciousness before he can be charged for the mischief done, because such animals are not by nature fierce or dangerous. But an action of trespass done by such stock, by breaking and entering the close of another, need not allege that defendant knew of the propensity in them to wander and roam about, which would naturally produce such damage, because animals of that description are by nature notoriously prone to such habits, and defendant will be presumed to have known them. And any mischief done by them, after entering the close, may be alleged and recovered upon as aggravation.

*Error to Linn Circuit Court.*

*A. W. Mullins,* for plaintiff in error.

The defendant's bull, charged in the petition with having killed the plaintiff's horse, comes within one of the statutory exceptions to the common-law rule permitting domestic animals to roam at large. (Wagn. Stat. 134, § 5; Sess. Acts 1869, p. 80.) At the old common law every man was bound to keep his beasts within his own close, under the penalty of answering by distress or action for all injuries arising from their being abroad. (Rust v. Low, 6 Mass. 90–4; Bush v. Brainerd, 1 Cow. 78, note *a*; Dolph v. Ferris, 7 Watts & Serg. 367, 370.)

*G. W. Easley,* for defendant in error.

I. To make the defendant liable in this case it would be necessary to allege and prove notice or knowledge of the vicious disposition of his animal. (Lyke v. Van Leuven, 4 Denio, 127; 1 Comst., N. Y., 515; Page *et al.* v. Hollingsworth, 7 Ind. 317; Vrooman v. Lawyer, 13 Johns. 339; Campbell v. Brown, 19 Penn. 359; 22 Ill. 140.)

II. Our statute (Wagn. Stat. 134, § 5) does not change the rule of the common law. That statute gives no other remedy

Beckett v. Beckett.

than the one specifically provided; and even before such specific remedy can be followed, the owner, if known, must have notice.

The cases cited by the counsel for the plaintiff, where the owner has been held liable without knowledge of the vicious propensities of his animal, are all cases for trespass *quare clausum fregit*, where the killing of the animal is alleged in aggravation of the damages to the trespass; while the case at bar is simply for damages for the killing of the animal. For distinction made in such cases, see Lyke v. Van Leuven, 1 Comst., N. Y., 515.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff in his petition stated that on and prior to the 28th day of September, 1870, the defendant wrongfully and unlawfully permitted a vicious and dangerous bull, over one year of age, to run at large; and that on the day last aforesaid the said bull, while so running at large, came upon the premises of the plaintiff, and then and there gored and killed a gray mare belonging to the plaintiff, of the value of $100, for which amount judgment was prayed.

The petition was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment rendered thereon, and the cause is brought to this court by writ of. error.

The only question in the case is, whether the failure of the petition to allege that the owner had knowledge of the vicious habits and propensities of the animal constitutes a fatal defect. This is a common-law action, and the statute which has been cited has no application.    The general principle is that the owner of a domestic animal is not liable for the injuries which it may have committed unless he had notice of its vicious propensity, or that it was accustomed to do mischief. (Vrooman v. Lawyer, 13 Johns. 399; Lyke v. Van Leuven, 4 Denio, 127; 1 Comst., s. c., 515.) And the *scienter* must be alleged, and submitted as a question of fact for the consideration of the jury. (Campbell v. Brown, 19 Penn. St. 359.)

In an old case it was decided that a declaration, in an action on the case for an injury done by the defendant's dog, must state

that he knew the dog was of a mischievous nature, or had done mischief. before. (Mason v. Keeling, 12 Mod. 332.) So it was held that an action on the case would not lie for keeping a mad bull, without alleging a *scienter.* (Buxentine v. Sharp, 3 Salk. 12.) Where the defendant's dog was under his wagon in the shed of an inn where the defendant was a guest, and bit the plaintiff, the innkeeper, while he was unhitching the horses to move them, it was held that whether the dog was or was not—*quoad* the master, who had tried to send him home—an involuntary tres-passer, the defendant was not liable unless he knew that the dog was vicious, and the subsequent conduct of the dog was held not admissible to show his character. (Fairchild v. Bentley, 30 Barb. 147.) In the case of Lyke v. Van Leuven, *supra,* it appeared that the plaintiff and defendant were the owners of adjoining fields, and that the plaintiff's cow, with a calf newly brought forth, were found badly torn and mangled in the plaintiff's own field, and that they died of their injuries. The injuries were committed by the hogs of the defendant, which had left the defendant's field and come on the premises of the plaintiff. In delivering the opinion of the court, Beardsley, J., said : "There was sufficient evidence to warrant the jury in finding that the cow and calf were destroyed by the defendant's swine. But it was not shown that swine ordinarily have a propensity to attack and destroy animals in the condition of this cow and calf ; nor was there any evidence that the defendant was aware of the vicious propensity, in this or any other respect, of these swine. For these reasons the plaintiff wholly failed to show any right of action against the defendant. The *scienter* is the gist of the action in these cases, and the principle applies to swine as it does to other domestic animals which are *mansuetæ naturæ.*"

The doctrine is well settled and laid down in all the cases, that where an action of trespass or case is brought for mischief done to the person or personal property of another by animals *mansuetæ naturæ*, such as horses, cattle, sheep and swine, the owner must be shown to have had notice of their viciousness before he can be charged, because such animals are not by nature fierce or dangerous, and such notice must be alleged in the declaration or

petition; but as to animals *feræ naturæ*, such as lions, tigers, and the like, the person who keeps them is liable for any damage they may do without notice, on the ground that by nature such animals are fierce and dangerous.

Where animals commit a trespass by breaking and entering the close of another, and, while there, do mischief, an action will lie for the trespass, and the mischief or injury may be alleged and recovered upon as aggravation. It was upon this principle that the cases of Angus v. Radin, 2 South. 815, and Dolph v. Ferris, 7 Watts & Serg. 367, were founded. It proceeds upon the fact that the common law holds a man answerable not only for his own trespass, but also for that of his domestic animals; and as it is the natural and notorious propensity of many of such animals to roam and wander about, the owner is bound at his peril to see that they do not commit a trespass on the lands of another; and if they do, unless it is through a defect of fences of the latter which he ought to repair, the owner will be liable in trespass, though in fact he had no notice of such propensity.

I think the demurrer was well taken, and that the judgment should be affirmed. The other judges concur.