REYNOLDS v. THE CHICAGO & ALTON RAILROAD COM-
PANY, *Appellant.*

1. **Pleading :** STATUTE. A party desiring to avail himself of the pro-
visions of a public act is only required to state the facts which bring
his case clearly within it.

2. ——— : ———. In an action to recover the penalties for over-
charges for transportation by a railroad company (R. S., §§ 833,
834, 835), the fact that the petition states the maximum rate to be
less than that allowed by law does not vitiate it.

3. The demurrer to the evidence in this case held to have been
properly overruled.

4. **Transportation :** WEIGHT OF CARS : PRESUMPTION. In transpor-
tation by railroads it will be presumed, in the absence of evidence
to the contrary, that the cars were of regulation weight.

5. **Railroads :** TRANSPORTATION : OVERCHARGES : CONTRACT. In an
action against a railroad company to recover the penalties for
overcharges for transportation, where there was a special contract
between the shipper and the company for legal rates, the plaintiff
is not remitted to an action for breach of the contract, and such
contract constitutes no defence.

*Appeal from Randolph Circuit Court.*—HON. G. H.
BURCKHARTT, Judge.

AFFIRMED.

*Macfarlane & Trimble* and *Thos. B. Reed* for
appellant.

(1) The petition does not state facts sufficient to con-
stitute a cause of action, and the motion in arrest of
judgment should have been sustained. (*a*) It is not
alleged in the petition that the act done was contrary to
the provisions of any statute of the state. R. S., sec.
3550. (*b*) In penal actions founded upon a statute a
reference to the statute is required for the purpose of in-

forming the defendant distinctly of the nature and character of the offence. *Shaw v. Tobias*, 3 N. Y. 188. (*c*) In penal suits, unless a general form of declaration is expressly authorized by statute, the declaration must set forth the particular acts or omissions which constitute the cause of action, and by which the alleged penalty was incurred. 1 Chitty Pleadings, 405 ; *Nellis v. Railroad*, 30 N. Y. 518; *Teetshorn v. Hull*, 30 Wis. 165. (*d*) A reference to the statute establishing the amount of charges defendant was entitled to receive for transportation of railroad ties, and a general allegation that an overcharge was made, would probably have been sufficient, but having stated the facts without reference to the statute, plaintiff is bound by the facts stated, and there being no statute of the state imposing a penalty for doing the acts charged, no cause of action is stated. *Teetshorn v. Hull*, 30 Wis. 165. (2) Defendant's demurrer to the sufficiency of the evidence ought to have been sustained. *Chase v. Railroad*, 26 N. Y. 525. (3) The verdict of the jury was against the law and the evidence in the case. (*a*) Under sections 833 and 834, the defendant was entitled to charge for transportation of railroad ties for one hundred and twenty-eight miles, the admitted distance, $22.50 per car load. Taking this as the legal rate the jury found on each of the sixteen counts the exact amount claimed. (*b*) Plaintiff admitted that 1100 of the ties shipped belonged to himself and two brothers jointly. The two brothers had executed a release to defendant of all claims for overcharges, if any. Where two or more have a joint personal interest the release of one bars the other, and so the jury was instructed by the circuit court. *Raddock's case*, 6 Co. 25; *Pierson v. Hooker*, 3 Johns. 68; 1 Parsons' Contracts, 163 ; *Buckley v. Dayton*, 14 Johns. 388 ; 1 Wend. 326 ; 20 Wend. 251. The release may be made after dissolution. 16 Johns. 137. (*c*) The evidence was undisputed that all ties shipped in December, 1879, and January, 1880, were

shipped under a special contract at seventeen cents per tie, and on counts one hundred and fifty-seven to one hundred and sixty-two, both inclusive, the verdict should have been for the defendant. The jury totally disregarded the court's instructions in reference to such shipments. (*d*) The jury found that no car load weighed exceeding 20,000 pounds, while the weight of the evidence showed that they weighed largely in excess of that. (4) This freight, if paid, was paid voluntarily and no recovery can be had. *Ranney v. Bader*, 67 Mo. 476; *Rubey v. Shain*, 54 Mo. 207; *Railroad v. Marsh*, 12 N. Y. 311; *Hall v. Shultz*, 4 Johnson; *Nellis v. Clark*, 20 Wend. 32; *Potomac Coal Co. v. Railroad*, 38 Md. (5) The weighing of the ties was within the power of plaintiff as well as that of defendant. He could have weighed them as well before as after transportation. Failing to weigh them himself he will now be estopped to deny the weight put upon them by defendant, or will be deemed to have waived the necessity of weighing them. Bigelow on Estoppel, 505; *Blake v. Ins. Company*, 12 Gray 265; *Hayward v. Nat. Ins. Company*, 52 Mo. 183; *Pelkington v. Ins. Company*, 55 Mo. 173; *Russell v. Ins. Company*, 55 Mo. 585. (6) There was a special contract for the shipment of these ties at an agreed rate of $22.50 per car load. If it were a legal rate and the contract was not kept by defendant, then plaintiff's action was for breach of contract. If the rate was illegal the contract would also be illegal, and plaintiff being a party to it will not be allowed to reap advantage from his own wrongdoing. *Hamilton v. Scull's Adm'r*, 25 Mo. 165; *Saratoga Bank v. King*, 44 N. Y. 87; *Howell v. Stewart*, 54 Mo. 404. (7) It was admitted that 20,000 pounds was a car load, and that defendant had the right to charge at the rate of $22.50 for all ties loaded on a car in excess of 20,000 pounds was acted on by plaintiff in the trial. Plaintiff cannot now raise any question to the contrary. Bigelow on Estoppel, 601; *Callaway v. Johnson*, 51 Mo. 33; *Davis v. Brown*, 67 Mo. 314.

(8) Under the pleadings and evidence in this case the action of the court in entering judgment for three times the amount of the verdict was erroneous. If the plaintiff is entitled to recover, the amount will be limited to the excess of freight charged as found by the jury.

*Martin & Priest* for respondent.

(1) All that was necessary was to state facts which bring the case within the provisions of the statute. *Kennayde v. Railroad*, 45 Mo. 255. (2) The demurrer to the evidence was properly overruled. When there is any evidence to sustain an issue it should be left to the jury. *Routsong v. Railroad*, 45 Mo. 236 ; *McFarlan v. Bellows*, 49 Mo. 311. (3) It makes no difference whether there was a contract or whether the freight was voluntarily paid. R. S., §§ 834, 835. But it was not voluntarily paid. Defendant agreed to be governed by the legal rate and then charged more than the law allowed. (4) The court properly entered judgment for treble the amount found by the jury. The jury were told in the instruction to assess the amount of overcharges if they found for the plaintiff, which they did ; in other words, found that there were overcharges and the amount, and it was then the duty of the court to treble the amounts. *Wellington v. Hilderbrand*, 1 Mo. 280 ; *Brewster v. Link*, 28 Mo. 147. This judgment is right under the statute (Revised Statutes, *supra*), and at common law. *Chicago & Alton R. R. Co. v. People ex rel. Kansas*, 67 Ill. 11.

BLACK, J.—This was a suit in one hundred and sixty-two counts to recover penalties for overcharges for transportation of railroad cross ties from Higbee to Kansas City. There was a verdict for plaintiff on the last sixteen counts, and judgment for defendant on the others. Plaintiff, also, appealed, but as errors have not been assigned on his appeal, it will not be noticed.

1. Error is assigned in overruling defendant's motion in arrest. Section 833, Revised Statutes, determines the

class to which this freight belongs; section 834 the maximum rate of charges; and section 835, prohibits the company from charging a higher rate, makes it a misdemeanor so to do, and gives to the aggrieved party a right of action, and allows him to recover treble the excess. Each count sets out the distance between the two points, the legal rate of charges, the amount charged, and the excess, prays judgment therefor, and that the same be trebled "according to the provisions of section 835 of the statutes of this state." The statute is a public act. It is only necessary for the plaintiff to state the facts which bring his case clearly within the law. *Kennayde v. Pacific R. R.*, 45 Mo. 258. This he has not only done, but he points out the sections by which he seeks to recover the penalty. Nor does the fact that the petition alleges the maximum rate to be $20.50 per car, when by the law it was $22.50, vitiate the declaration.

2. There was no error in overruling the demurrer to the evidence at the close of plaintiff's case. The plaintiff testified both on direct and cross-examination that he shipped the ninety-nine cars at $22.50 per car; that he was charged more than that; that the amounts charged are stated in these sixteen counts, and that he paid the charges. It appears from the cross-examination that he sold the ties previous to the shipment, and they were consigned to the purchaser, who attended to and paid the freights. He did not know of his own knowledge how much the defendant received. There was no objection to any of the evidence, nor was there any motion to exclude it or any part from the consideration of the jury. We cannot say there was no evidence of the amount charged and paid. Plaintiff testified that the ties would weigh from one hundred to one hundred and ten pounds each, but there was no evidence as to how many were put upon a car. Many cars were loaded and shipped, and, until the contrary appears, we

must presume they were of the regulation weight, *i. e.*, 20,000 pounds.

3. The plaintiff testified that these shipments in question were made under an arrangement whereby he was to pay $22.50 per car load. The defendant asked an instruction to the effect, that if these ties were shipped under such a special contract the plaintiff could not recover, although defendant charged more than that rate, which was refused. The agreement was for legal rates. The plaintiff is not remitted to an action for breach of the contract. The statute, designed as it is to protect shippers from overcharges, cannot be defeated in this way. The special contract constituted no defence.

4. It appears that some of the shipments sued for were for ties owned by plaintiff and his brothers as partners, and that these brothers had released the company from all claims on account of overcharges. Whether the ties in question belonged to the plaintiff or the late firm, was fairly submitted to the jury. There was evidence, we think, upon which to base the instructions. We may add the shipments appear to have been by and in the name of the plaintiff. Judgment affirmed. Sherwood, J., dissents. The other judges concur.