## ST. LOUIS TRUST COMPANY, Respondent, v. AMERICAN REAL ESTATE AND INVESTMENT COMPANY, Appellant.

St. Louis Court of Appeals, December 12, 1899.

1. **Justice of Peace: STATEMENT: CONTRACT: CONDITION PRECEDENT: WAIVED.** Suit on a subscription contract to a railway company to pay $1,000 conditioned, that building of road be commenced, and finished at and within certain times, the latter condition not being complied with by company, to maintain suit on such contract necessary to allege in statement, waiver of time by the party subscribing: Held, that the admission of evidence in support of statement that failed to allege an extension of time within which to complete railroad, was reversible error.

2. ————: ————: ————. In suits before justices of the peace, it is only necessary that the statement of the cause of action should be sufficient to advise the other party of the claim against him, and to bar a second action therefor.

3. ————: ————: ————: EXTENSION OF TIME. Upon all contracts where time is the essence, modifications thereof by waivers, except as to policies of insurance, can only be recovered upon, by alleging and proving such waivers.

Appeal from the the St. Louis City Circuit Court.—*Hon.* *Franklin Ferris,* Judge.

REVERSED AND REMANDED.

No brief for appellant.

*Carter & Sager* for defendant.

Plaintiff failed to comply with section 6138 of the Revised Statutes governing practice in justice courts, which provides that "before any process shall be issued in any suit the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action, upon which the suit is founded." Olin v. Zeigler, 46 Mo. App. 193; Ins. Co. v. Foster, 56 Mo. App. 197. The extension agreement was without consideration and void. Parker v. Johnson, 32 N. J. Eq. 222; French v. Griffin, 18 N. J. Eq. 279-281; Beech on Contracts, sec. 777; Merrill v. Central Trust Co., 46 Mo. App. 237; Lingenfelder v. Wainwright Brewing Co., 103 Mo. 578-593. It was error to admit the extension agreement in evidence as it constituted plaintiff's cause of action under the statute, and should have been filed before process had issued. It was not a waiver of any condition of the original contract; it was not an excuse for non-compliance nor had it any evidential character. It was an engraftment—a new contract which would permit recovery, on evidence insufficient under the original understanding. It was the cause of action, and should have been filed or pleaded. Lanitz v. King, 93 Mo. 513; Pier v. Heinrichoffen, 52 Mo. 333; Bank v. Hatch, 78 Mo. 13; Nichols v. Larkin, 79 Mo. 265; King v. Faist (160 Mass. 449), 31 N. E. Rep. 456.

BOND, J.—This suit was begun before a justice for the second instalment due upon a contract of subscription executed by defendant in the following terms:

"$1,000.          St. Louis, Mo., June 7th, 1895.

"In consideration of the benefits and advantages accruing from the construction and operation of the railroad of the St. Louis and Kirkwood Railroad Company, I do hereby promise and agree to pay to the St. Louis Trust Company, the sum of one thousand dollars.

"One-third of said amount to be paid thirty days after the road is completed and in operation from St. Louis to Meramec Highlands.

"One-third to be paid one year thereafter. The balance, one-third, to be paid two years thereafter; all without interest.

"Upon condition that work on said road is commenced within sixty days after date, and the said road completed within six months thereafter.

"Said subscription when paid by me to be held by said Trust Company in trust for the payment of interest on the bonds of the St. Louis and Kirkwood Railroad Company, and for operating expenses, improvements and betterments of said St. Louis and Kirkwood Railroad Company, and not for any other property."

Plaintiff had judgment before the justice, and defendant appealed to the circuit court. Upon a trial there an agreed statement of facts was filed, to wit:

"For the purposes of the trial of the above entitled cause the following are admitted by both parties hereto as facts:

"First. The work of constructing the railroad of the St. Louis and Kirkwood Railway Company was commenced on or about the 25th day of July, 1895.

"Second. That the railroad of the St. Louis and Kirkwood Railway Company was completed and in operation between St. Louis and Meramec Highlands on or about the fourteenth day of February, 1896.

"Either party, plaintiff or defendant, may introduce any legal testimony additional to the above admissions."

Thereupon plaintiff introduced in evidence, over defendant's objections, a letter written by defendant, to wit:

"December-January, 1896.

"To St. Louis & Kirkwood Railway Co.:

"In reply to your favor of December 23, 1895, I cheerfully acquiesce in the request contained therein, and hereby agree, in consideration of the statements therein made, that the

limit of time for the completion and operation of your railway shall be set for the first day of March, 1896, the same as though that date was specified for the date of completion and operation of your railroad; and in my subscription, bearing date of June 7, for $1,000."

The cause was submitted to the court without a jury and judgment rendered for plaintiff for the amount sued for, and defendant appealed.

It is well settled that in suits before justices of the peace it is only necessary that the statement of the cause of action should be sufficient to advise the other party of the claim against him and to bar a second action therefor. Doggett v. Blanke, 70 Mo. App. loc. cit. 502. But to this extent it is indispensable that the statement should go, and the cause of action therein alleged, and not another, is the only one which can be tried upon appeal from the justice's court. Revised Statutes 1889, sections 6138 and 6347. In the case at bar the cause of action rested upon the original contract of subscription coupled with the supplementary agreement extending the time of the performance of the work. These two writings constituted the contract between the parties when the suit was brought. Conceding that the latter was only a waiver of the condition expressed in the former as to the performance of the work within a specified time, still its assertion was essential to a recovery against defendant. For the agreed facts show that the work for which his subscription was secured was not performed within the time which it was required to be fininshed in order to bind him under his original agreement. It is well settled in this state that all contracts, modified by waivers, except policies of insurance, can only be recovered upon by alleging and proving such waivers. McCullough v. Ins. Co., 113 Mo. loc. cit. 616; Ehrlich v. Ins. Co., 103 Mo. loc. cit. 240; Lanitz v. King, 93 Mo. 513, and cases cited; Brownlow v. Wollard, 61 Mo. App. loc. cit. 132. In the case at bar the plaintiff neither filed with the justice the two

written agreements constituting its cause of action against defendant, nor filed any statement in that court of its cause of action arising upon the execution of said written contracts by defendant. It did not, therefore, set forth the constitutive facts of its demand against defendant. For this reason also its statement before the justice was not sufficient to bar another action against defendant on account of the facts shown in evidence on the trial in the circuit court. Defendant saved his exception to the introduction in evidence in that court of his written agreement modifying the contract upon which he had been sued before the justice, because it had been neither filed nor pleaded in the suit brought by plaintiff. For the error of the court in receiving this evidence, its judgment is reversed and the cause remanded, with permission to plaintiff to amend its statement by referring therein to the written agreement of defendant as to the extension of time of performance of the original contract and to file the same, together with the original contract as exhibits to the statement. R. S. 1889, sec, 6347; Dowdy v. Wamble, 110 Mo. 280. It is so ordered. Judge *Bland* concurs; Judge *Biggs* dissents.