JACINTO LEONE, GUARDIAN, *vs.* DANIEL F. KELLY.

Third Judicial District, New Haven, January Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Whatever may have been the rule formerly, and as applicable to common-law actions, it is not now, under our Practice Act, essential to the sufficiency of a complaint framed to recover upon a domestic, public statute not penal, that the statute be either counted upon or recited; it is enough if the averments of the complaint are such as to show that the action is brought upon the statute and not otherwise.

General Statutes, § 4487, making the owner or keeper of a dog liable for damage done by him, is remedial and not penal.

In the present case the complaint merely alleged the defendant's ownership of the dog, and that it attacked and bit the plaintiff, who suffered great pain and was put to pecuniary expense. *Held* that these averments described an action upon the statute, but not one at common law, there being no allegation of *scienter* nor averment of facts dispensing with the necessity of such an allegation.

Argued January 18th—decided March 9th, 1905.

ACTION to recover damages for personal injuries caused

by the bite of a dog, brought to the Superior Court in New Haven County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $250, and appeal by the defendant. *No error.*

*Samuel E. Hoyt*, with whom was *Isaac Wolfe*, for the appellant (defendant).

*Edwin S. Thomas*, for the appellee (plaintiff).

PRENTICE, J. The plaintiff is a minor who sues by his guardian and next friend. He claims to have proved, upon the trial to the jury, that while he was lawfully traveling upon the highway he was bitten by the defendant's dog. The defendant thereupon claimed to the court that the action, by reason of the averments of the complaint, was one at common law, and asked the court to give the jury instructions upon the subject of *scienter* and contributory negligence, which he claimed to be appropriate to that form of action. The only reasons of appeal which are pursued in the brief of his counsel relate to the refusal of the court to give those instructions.

It is conceded by them that none of the reasons of appeal are well founded unless the complaint is to be regarded as one at common law. They contend that it must be so regarded, since the statute is neither counted upon nor recited therein. Gould on Pleading (Ed. 1877), Chap. 3, § 16, note. Whatever may have been the rule formerly, and as applicable to common-law declarations, it is not now, and under our Practice Act, essential to the sufficiency of complaints framed for recovery upon a domestic public statute, not penal, that the statute be either counted upon or recited. It is enough if the averments of the complaint are such as to show that the action is brought upon the statute and not otherwise. *Griswold* v. *Gallup*, 22 Conn. 208; *Clark* v. *North Muskegon*, 88 Mich. 308; *McHarg* v. *Eastman*, 35 Howard's Pr. 205; *Hance* v. *Wabash Western Ry. Co.*, 56 Mo. App. 476; *Ervin* v. *State ex rel. Walley*, 150

Ind. 332; *Denver T. & G. R. Co.* v. *De Graff*, 2 Colo. App. 42; *Morrisey* v. *Hughes*, 65 Vt. 553. This principle has even been extended to apply to actions upon penal statutes. *Reynolds* v. *Chicago & Alton Ry. Co.*, 85 Mo. 90; *State* v. *Owsley*, 17 Mont. 94; Bliss on Code Pleading, § 181. In *Broschart* v. *Tuttle*, 59 Conn. 1, the question of the propriety of this extension was raised but not passed upon. Our statute (§ 4487) regulating the liability for damage done by dogs is a remedial and not a penal one. Sedgwick on Stat. Law, 32; *Neal* v. *Moultrie*, 12 Ga. 104.

The present complaint was unmistakably framed upon the statute. By no possibility is it susceptible of a double character. It sets out the precise facts which bring the case within the statute, and none others, and thus pleads it. Gould on Pleading (Ed. 1877), Chap. 3, § 16, note. It does not state a cause of action at common law. Averments essential to such an action are wholly absent. At common law an allegation of *scienter*, or an averment of other facts dispensing with the necessity of its presence, was essential. *Woolf* v. *Chalker*, 31 Conn. 121; *Beckett* v. *Beckett*, 48 Mo. 396; *Mareau* v. *Vanatta*, 88 Ill. 132; *Spring Co.* v. *Edgar*, 99 U. S. 645; *Buxentine* v. *Sharp*, 3 Salk. 12; 1 Chitty's Pleading, * 72; 2 Cyc. 368 *et seq.* This complaint contains neither.

There is no error.

In this opinion the other judges concurred.