McREYNOLDS, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, January 16, 1906.**

1. **JUSTICE OF THE PEACE: Statement: Willfulness and Negligence.** Where the statement of a cause of action before a justice of the peace alleged that the defendant, a railroad company, allowed its barbed wire fence to get out of repair and for a long time "willfully refused, failed and neglected to repair the same," whereby the plaintiff's mare became entangled in the fence and was injured to the plaintiff's damage, and where the evidence showed that the defendant willfully left its fences down after notice, in a position of danger to the plaintiff's stock, which were running in the pasture adjacent, the case was bottomed on the willful disregard of defendant's duty, and the allegation of negligence may be treated as surplusage.

2. ———: ———: ———. In such case, while a motion to compel the complaint to be made more definite and certain might have been successfully interposed, it stated a cause of action, and an objection to the introduction of evidence on that ground was properly overruled.

3. **PRACTICE: Oral Evidence: Jury.** Where plaintiff's evidence to sustain his case is all oral, no matter how strong and convincing, it must be submitted to the jury, and a peremptory instruction to find for plaintiff on such evidence is error.

Appeal from Knox Circuit Court.—*Hon. E. R. McKee,*
Judge.

REVERSED AND REMANDED.

*O. D. Jones* and *J. G. Trimble* for appellant.

Defendant's instruction in the nature of a demurrer to the evidence should have been given. The action is clearly one at common law. Only acts of omission are charged in the complaint. The allegations are (1) that defendant had a defective barbed wire fence along one side of plaintiff's inclosure; and (2) that "by reason of defendant's willful refusal, failure and neglect to repair said fence, and to remove said barbed wire that was hanging loose and lying on the ground," the animal was injured. "Willful" means intentional, and is synonymous with "malicious." Johnson v. Railroad, 90 Mo. App. 48; Raming v. Railroad, 157 Mo. l. c. 504. The court erred in giving the peremptory instruction to find for plaintiff. It is for the court to determine whether there is any evidence; it is for the jury to determine the sufficiency of the evidence to sustain negligence. O'Malley v. Railroad, 113 Mo. 319; Boland v. Railroad, 36 Mo. 484; Richey v. Burnes, 83 Mo. 362.

*Balthrope & Smith* for respondent.

The statement upon which this cause was tried both in the justice and circuit courts fully advised the

defendant of the nature and character of plaintiff's claim. "The willful omission of duty on the part of defendant led directly to the act of leaving the gate open, or the leaving of the gate open was so habitual and consequential upon the condition in which defendant left it, for a space of two or three months, as to be said to have been within the range of reasonable probability, and the defendant should have reasonably anticipated the result." Glenn v. Weary, 66 Mo. App. 75; West v. Railroad, 26 Mo. App. 344; Busby v. Railroad, 81 Mo. 43; Wilkerson v. Railroad, 106 Mo. App. 336; R. S. 1899, sec. 1105; Buttles v. Railroad, 43 Mo. App. 280; Davis v. Railroad, 19 Mo. App. 425; Brown v. Railroad, 104 Mo. App. 691.

BLAND, P. J.—The evidence shows that defendant at some time erected a fence, consisting of posts and seven wires, on its right of way where the same adjoins the plaintiff's pasture field; that the posts had become old and rotten and most of them had fallen over; that for a quarter of a mile most of the posts were flat upon the ground and the wires detached and strung out on the ground, so that plaintiff's stock running on his pasture could and did step over the wires on to defendant's right of way; that the fence had been in this condition for a long time and plaintiff had repeatedly made complaint to defendant's section men and asked them to fix it up; that all that was done toward repairing the fence was to prop up the old, rotten posts. These props soon gave way and the condition of the fence grew from bad to worse and, on December 6, 1903, plaintiff's mare, running on his pasture, got one of her fore feet entangled in the fallen wires and was so badly injured as to become comparatively worthless.

The suit was commenced before a justice of the peace to recover the value of the mare.

The complaint, after stating formal matters and

alleging defendant's duty to maintain the fence in good repair, avers:

"That said posts had become rotten and some had broken off and the said barbed wire had become disconnected from said posts and was hanging loose and lying on the ground and that the defendant on said day and for a long time prior thereto, willfully refused, failed and neglected to repair said fence or remove said barbed wire that was hanging loose and lying on the ground. That plaintiff's mare aforesaid while being confined in an inclosure by the side of and adjoining defendant's said railroad at said point, on said day, became entangled in said barbed wire, by reason of defendant's willful refusal, failure and neglect to repair said fence and to remove said barbed wire that was hanging loose and lying on the ground, and cut her right front leg in such a manner that said mare cannot be used and is rendered wholly valueless to plaintiff's damage in the sum of one hundred dollars."

On the trial in the circuit court, where the cause was taken by appeal, the defendant objected to the introduction of any evidence, on the ground that the complaint failed to state any cause of action. The objection was overruled and plaintiff proved the injury and damage to his mare. Defendant offered no evidence.

At the conclusion of plaintiff's evidence the court gave the following instruction:

"You are instructed to find for plaintiff and assess his damages at the decreased market value of the mare occasioned by the injury she received, in the market there in the neighborhood where injured."

The verdict was for plaintiff for $67.50. After unsuccessful motions for new trial and in arrest, defendant appealed.

As an act or omission cannot at the same time be both willful and negligent, defendant contends that its objection to the introduction of any evidence should have been sustained. A suit begun before a justice of

the peace requires no formal pleadings. Substance, only, is looked for in the complaint. Redundancy and surplusage may be disregarded and the complaint held good, if there is enough in it to state a cause of action and to bar a second suit on the same state of facts. The evidence is overwhelming and uncontradicted that, with full knowledge of the condition of the fence, and that the fallen wires were a constant menace to the plaintiff's stock running upon his pasture, and after repeated requests by the plaintiff to repair the fence, the defendant, in utter disregard of its statutory duty and of plaintiff's rights in the premises, willfully left its fence down and the wires in a position of danger to plaintiff's stock. The case, therefore, is not bottomed on negligence but on willful refusal of defendant to perform its statutory duty to maintain its fence in repair, resulting in damage to plaintiff. The allegation of negligence in the complaint may therefore be treated as surplusage. A demurrer or a motion to require the complaint to be made more definite and certain might have been successfully interposed, but the complaint was not open to the objection that it failed to state any cause of action, and the court did not err in overruling the objection to the introduction of any evidence. It is a fundamental principle of our jurisprudence, that where the evidence is all oral, no matter how strong and convincing that evidence may be, no matter how many witnesses may have testified to the same fact or state of facts, and although there may be no countervailing evidence whatever, the evidence must be submitted to the jury and be passed on by them in the first instance, it being their exclusive province to pass on the credibility of the witnesses and the weight to be attached to their testimony. Courts cannot usurp or invade this province of the jury. Their function in respect to verdicts is supervisory, not directory. [O'Malley v. Railway, 113 Mo. l. c. 325, 20 S. W. 1079, and cases cited.] By giving plaintiff's in-

struction, the court usurped the province of the jury and committed grave error.

The judgment is reversed and the cause remanded. All concur.