## J. W. HEAD, Appellant, v. ENOS POWELL, Respondent.

In the Kansas City Court of Appeals, November 6, 1922.

1. **JUSTICES OF PEACE: Pleading: Statement Disclosing Cause of Action Claimed, the Nature and Extent of demand and sufficiently Specific to Bar Another Action Held Good.** While a statement filed before a justice of the peace may be informal, it is good if it sufficiently discloses the cause of action claimed and fairly warns defendant of the nature and extent of plaintiff's demand and is sufficiently specific to bar another action.

2. **———:———: Plaintiff Cannot Sue upon One Cause of Action and Recover upon Another.** Plaintiff, even in a justice court, may not sue on one cause of action and recover upon another.

3. **———:———: Where Statute is Relied upon as Basis of Recovery Statement Should allege Facts Bringing Case Within the Statute.** In a suit for value of sow killed by defendant's sow, where plaintiff contended he was entitled to recover under sections 5512 and 5513, Revised Statutes 1919, creating a cause of action against owner of stock which breaks through a fence, if plaintiff intended to rely upon the statute as a basis of recovery, he should have alleged facts sufficient to bring the case within the statute.

4. **———:———: Cannot Allege Cause of Action at Common Law and Recover Upon One Created by Statute.** One cannot, even in a justice court, file a statement alleging a cause of action at common law, and recover upon one created by statute.

5. **PLEADING: Essential Allegations of Pleading Cannot be Disregarded as Surplusage.** In a suit to recover value of sow killed by defendant's sow, where it was alleged that by reason of the carelessness and negligence of defendant in permitting his sow to run at large and break into plaintiff's lot, and it is not apparent from the statement, that any cause of action, other than one founded upon negligence of defendant was intended, the allegation of "carelessness and neglignece" cannot be disregarded as mere surplusage or overcharge.

6. **ANIMALS: Ordinances: Ordinances Against Stock Running at Large, Held Properly Excluded Where There Was no Evidence of Violation Thereof.** In a suit to recover value of sow killed by defendant's sow where plaintiff alleged that defendant negligently permitted his sow to run at large and to break into plaintiff's lot, the court did not err in excluding ordinance to prevent injury by stock running at large where there was no evidence that defendant's sow was out without his knowledge or consent in violation of the ordinances.

Appeal from the Circuit Court of Sullivan County—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Bresnehen & Burns* for appellant.

*Scott J. Miller* for respondent.

BLAND, J.—This is an action to recover the value of a sow. At the close of all the evidence the court gave on behalf of defendant an instruction in the nature of a demurrer to the evidence, resulting in a verdict and judgment for the defendant. Plaintiff has appealed.

The cause arose in a justice court where there was a judgment for plaintiff in the sum of $25 and defendant appealed. Plaintiff in his statement alleges that he and defendant were residents of the same township, that defendant was the owner of a sow and that on the 30th day of September, 1921, "defendant carelessly and negligently permitted said sow to run at large and break into the lot and premises of plaintiff in the town of

Linneus; that . . . said sow belonging to the defendant broke into the plaintiff's lot and there jumped upon and abused and mistreated'' a sow belonging to plaintiff, causing the death of plaintiff's sow; ''that said sow belonging to plaintiff was killed by defendant's sow solely by reason of the carelessness and negligence of the defendant in permitting his said sow to run at large and break into the lot of plaintiff.'' Plaintiff asked judgment for $60, the amount alleged to be the value of the sow.

The evidence taken in its most favorable light to plaintiff tended to show that he was the owner of a sow which was within an enclosure upon his premises in the town of Linneus, and that said premises were fenced with a lawful fence such as is prescribed by section 5512, Revised Statutes 1919; that defendant's sow, which was spreeing, got out of defendant's enclosure and broke through plaintiff's fence worrying plaintiff's sow to death.

The reason that the court sustained a demurrer to the evidence was apparently on the ground that the evidence failed to prove the cause of action alleged. After a careful review of the authorities we are convinced that the action of the trial court was correct. While we are mindful that this case arose in a justice court and that a statement filed before a justice may be informal and that it is good if it sufficiently discloses the cause of action claimed and fairly warns defendant of the nature and extent of plaintiff's demand and is sufficiently specific to bar another action, yet it is well settled that plaintiff, even in a justice court, may not sue on one cause of action and recover upon another. [Turner v. McCook, 77 Mo. App. 196; St. Louis Trust Co. v. American Real Estate & Investment Co., 82 Mo. App. 260, 263; Green v. Crutcher, 143 Mo. App. 595.]

The question before us then is what kind of action plaintiff intended to present in his statement, regardless of any niceties or accuracy of pleading. [Nave v.

Dieckman, 208 S. W. 273, 274.] Plaintiff contends that he was entitled to recover under section 5813, Revised Statutes 1919, creating a cause of action against the owner of stock which breaks over or through a lawful statutory fence (Sec. 5512, R. S. 1919), but no facts bringing the case under this section are alleged. While it is alleged that defendant's sow killed plaintiff's sow "by reason of the carelessness and negligence of the defendant in permitting his said sow to . . . . break into the lot of plaintiff," which allegation carries with it an inference that the lot where plaintiff's sow was killed was enclosed by a fence, there are no facts alleged to show that such fence complied with the provisions of section 5512, Revised Statutes 1919, or any intimation to defendant that plaintiff was claiming under such section. It is apparent that plaintiff was basing his action upon negligence. No negligence is necessary to be shown to recover under sections 5512 and 5513, Revised Statutes 1919. Such recovery is based upon the theory of trespass. There is no question but that if plaintiff was relying upon sections 5512 and 5513 as a basis of a recovery in this case the facts should have been stated in the petition in some way so as to bring the case within the terms of the statute. [Blewett v. Smith, 74 Mo. 404, 406.] One cannot even in a justice court file a statement alleging a cause of action at common law and recover upon one created by the statute. [Jackson v. Fulton, 87 Mo. App. 228.]

It is held in Bean v. St. Joseph, 240 S. W. 840, 843, that where the statute creates a cause of action the facts bringing the case within the statute must be pleaded but where the cause of action is created by the common law an applicable statute is not a part of plaintiff's case but is merely a matter of evidence and need not be pleaded. The cause of action upon which plaintiff attempted to recover being one created by the statute, the statute was not merely evidentiary and the facts should have been pleaded. While there was considerable evi-

dence on behalf of plaintiff that his fence was a statutory one and there was evidence which tends to show that plaintiff at the trial was relying upon the statute, yet, apparently, plaitiff was not secure of his ground, and thought that it would be well to show some negligence on the part of defendant, for the reason that he attempted to introduce in evidence two ordinances of the town of Linneus. The first of these ordinances provides a penalty for the allowing of stock, including hogs, to run at large within the city limits by the person having custody of the stock; the second, declaring that the running at large, grazing, herding or staking out of stock "to be a nuisance and the same is hereby prohibited," and provides for impounding of such stock found outside of the owner's inclosure by the city marshal and prescribes what fees shall be paid for releasing such stock, in default of which the stock may be sold.

While it is not claimed that the statement and evidence are sufficient to make out a case for the jury for trespass *quare clausum fragit,* for the breaking and entering the inclosure of plaintiff, a cause of action existing in this State (Becket v. Becket, 48 Mo. 396), although the common law restraining domestic stock from running at large on the commons has never been the law in this State on account of the early sparsely settled condition of the country (Jackson v. Fulton, supra, l. c. 240), yet we think the statement fails to state a cause of action for a trespass of this kind even though the evidence shows a good common-law fence as well as one under the statute. Such a cause of action is not attempted to be stated for the reason that the action is not founded upon negligence but upon a trespass, and it is apparent from reading the statement filed in this case that plaintiff was attempting to recover upon some negligence done by the defendant.

But plaintiff insists that we may disregard the allegation of carelessness and negligence on the part of

defendant as being merely surplusage or overcharge. Where facts are set out in plaintiff's statement filed before a justice of the peace showing that he intends to state a certain cause of action and he alleges more than is necessary to support the cause of action, it has been said that the additional facts alleged may be regarded as surplusage. [McReynolds v. Q. O. & K. C. R. Co., 115 Mo. App. 676; see also Miniea v. Cooperage Co., 175 Mo. Ap. 90, 103, where such rule was applied to a cause of action originating in the circuit court.] We do not think that this rule can be applied to the statement before us, for the reason that it is not apparent from this statement that any cause of action other than one founded upon negligence of the defendant was intended to be stated. While the statement itself says that the sow ''broke'' into a lot of plaintiff which, as we have before stated, carried the inference that the lot was enclosed by a fence, there is nothing in the statement in regard to the character of the fence, whether a statutory lawful fence or a common-law fence, and, in fact, no direct reference to any fence. It is, therefore, quite apparent that in view of the facts as stated in this complaint plaintiff intended to base his cause of action upon negligence, and if that is the character of the action intended to be pleaded, we cannot disregard the words ''carelessness and negligence'' for to do so would be to remove the foundation of plaintiff's cause of action.

There is no question but that there is a cause of action given to the owner of stock killed by the stock of another, based upon the negligence of the defendant. There is a cause of action known to the common law for the damage done by a domestic animal of vicious propensities or accustomed to do mischief, known to the owner. [Becket v. Becket, supra.] It is said that the gravamen of such an action is negligence. [Merritt v. Matchett, 135 Mo. App. 175, 183; Staetter v. McArthur, 33 Mo. App. 218, 221.] The owner of the animal may

also be liable for damage done by it as a result of his negligence even though the animal has no vicious characteristics.

"It is not necessary that an animal should be vicious to make the owner responsible for injury done by it through the owner's negligence. The vice of the animal is an essential fact only when, but for it, the conduct of the owner would be free from fault." [3 C. J., p. 92, par. 323.]

We think that the court did not err in excluding the ordinances. The first one was properly excluded because in order to show a violation of the ordinance it was necessary for plaintiff to show that defendant's hog was out without his knowledge or consent. [Evans v. Holman, 202 Mo. 284.] There was no evidence or offer of evidence on this point. The other ordinance is aimed against the animal and not against the owner, save as he may be affected by the sale of it, and therefore does not subject the owner to personal liability for damage done by the stock mentioned in the ordinance. [Jones v. Hines, 157 Ala. 624.] It is doubtful if the injury done in this case was within the scope of the mischief the ordinances were intended to prevent. Apparently they were to prevent injury and damage being done by stock running at large but not to prevent depredations within the enclosure of another. [March v. Koons, 78 Ohio St. 68; Putermann v. Simon, 127 Mo. App. 511.]

The judgment is affirmed. All concur.