[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO STRIKE COUNTS FOUR AND SIX OF THE COMPLAINT
The defendant has moved to strike counts four and six of the plaintiff's substituted amended complaint dated February 18, 1992, on the ground that the facts alleged in those counts are insufficient to establish that the defendant municipality has "caused pollution" in violation of 22a-427 of the General Statutes.
The fourth count (par. 5) alleges that the defendant "has failed to implement the monitoring, inspection and the individual on-site waste water disposal system maintenance programs" required pursuant to orders of the plaintiff, thereby causing "pollution of the waters of the State in violation of Conn. Gen. Stat. 22a-427." The sixth count (par. 10) alleges that the defendant "failed to implement the [commissioner's] recommended and approved construction of a regional wastewater treatment facility" and therefore "caused pollution" (par. 11) in violation of the statute.
The defendant argues that as a matter of law a municipality does not "cause pollution" within the meaning of 22a-427 by its "failure to submit reports and verifications" to the commissioner or by "declining to build a sewerage treatment plant to treat waste produced by others. . .". It asserts that the acts and conduct of the defendant as alleged by the plaintiff in counts four and six "pushes the words `causes pollution' beyond their commonly understood meaning." Defendant's Brief, p. 5.
The sole inquiry on a motion to strike is whether the plaintiff's allegations, if proved, state a cause of action. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132. For the court's purposes in deciding the motion "it is of no moment that the plaintiff may not be able to prove its allegations at trial or that the defendants might prove facts which operate to bar the plaintiff's claim." Doyle v. AP Realty Corporation,36 Conn. Sup. 126 at 127. CT Page 3531
Where an action is brought under the provisions of a particular statute, the plaintiff, in stating his cause of action need only "allege the facts necessary to bring himself within the terms of the statute"; Tuckel v. Argraves, 148 Conn. 355,357; and the complaint is sufficient if "[i]t sets out the precise facts which bring the case within the statute. . .". Leone v. Kelly, 77 Conn. 569, 571. The complaint is not vulnerable to a motion to strike "[i]f any facts provable under its allegations would support a cause of action [under the statute]." Senior v. Hope, 156 Conn. 92, 98.
A municipality may be held liable for a hazardous environmental condition even though it was only indirectly involved in its creation or perpetuation. B.F. Goodrich Co. v. Murtha, 754 F. Sup. 960, 974 (D.Conn. 1991). Accordingly, the court concludes that the allegations challenged by the defendant's motion to strike can reasonably be read to state a cause of action and "that the facts expressly and impliedly pleaded therein are sufficient to state a cause of action" under22a-427 of the General Statutes. Bouchard v. People's Bank,219 Conn. 465, 471.
For the foregoing reasons, the defendant's motion to strike counts four and six of the plaintiff's substituted amended complaint is denied.
HAMMER, JUDGE