[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON MOTION TO STRIKE A SPECIAL DEFENSE
I. Summary of the Facts and Procedural History:
By way of complaint dated May 14, 1996 and filed with the Superior Court on May 24, 1996, the plaintiff, Stanford Dulaire, seeks to recover for damages allegedly sustained when he was working at the defendant's facility in West Hartford, Connecticut, on May 24, 1994. He claims that on that day, an employee of the defendant instructed him to lift a heavy beam, he did so, and he was injured in the process. The defendant, Engineered Building Products, Inc., disputes the plaintiff's allegations, by way of an Answer and Special Defenses dated July 10, 1996, and filed on July 21, 1996. The defendant cites two special defenses. The Defendant's First Special Defense alleges that the plaintiff cannot maintain an action for damages against it because such a suit is barred by Connecticut General Statutes § 31-284. Engineered Building Products, Inc. claims it was the plaintiff's employer because it controlled the plaintiff's activities at the work site on May 24, 1994. The Second Special Defense alleges contributory negligence on the part of the plaintiff. CT Page 63-J
The plaintiff filed a Motion to Strike the First Special Defense on July 17, 1996[1] (#104) along with a Memorandum in Support of Plaintiff's Motion to Strike. The defendant responded with an Objection to the Motion to Strike the First Special Defense (#105) dated October 10, 1996, that was filed with the court on October 11, 1996. On October 31, 1996, the plaintiff filed a Reply Memorandum of Law to Defendant's Objection, Dated October 10, 1996 (#108). The court heard oral argument on December 9, 1996.
In its Motion to Strike, the plaintiff claims that the Defendant's First Special Defense "fails to state a valid defense. In particular, [that the] Defendant fails to allege pursuant to C.G.S. § 31-291 that it has paid workers' compensation benefits pursuant to the worker's compensation laws of the State of Connecticut." The Plaintiff argues that the defendant is "attempt[ing] to utilize what is commonly known as the principal employer defense" without having adequately pleaded its elements and that the special defense therefore must fail. The defendant objects to that argument on the theory that it is not required to allege C.G.S. § 31-291 because the special defense was not a "principal employer defense" as the plaintiff characterizes it to be.
II. Discussion
CT Page 63-K
A. Motions to Strike, Generally
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citations omitted.) Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). The motion is a "proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v.Waterbury Parking Authority, 35 Conn. Sup. 280, 281, 408 A.2d 277
(1979). When evaluating a special defense that has been challenged pursuant to a motion to strike, the court must construe the facts alleged most favorably to the defendant alleging them. R.K Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "[I]t is not essential to the sufficiency of a [pleading] alleging a statutory cause of action [or defense] that the precise terms of the applicable statute' be either counted upon or recited'." Leone v. Kelly, 77 Conn. 569,60 A. 136 (1905); see Dubreuil v. Waterman, 84 Conn. 47, 51,78 A. 721 (1911). "It is enough for [the pleader] to state such facts as, under the general law, of which courts take judicial notice, entitle [it] to the redress [it] seeks . . ." (Citations omitted.) Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). While the motion admits all well-pleaded facts and CT Page 63-L those facts necessarily implied from the allegations; (emphasis added) id.; the court "`cannot be aided by the assumption of any facts not therein alleged.' . . ." (Citations omitted.) Liljedahlv. Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the . . . pleading, the [challenger] must await the evidence which may be adduced at trial, and the motion should be denied. . . ." (Citation omitted.) Id. Such a "`speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v.Marselle, 38 Conn. App. 360. 364 660 A.2d 871 (1995). Furthermore, when "the facts provable under its allegations would support a defense . . ., the motion to strike must fail."Clohessy v. Bachelor, 237 Conn. 31, 58, 675 A.2d 852 (1996).
B. Plaintiff's Motion to Strike the Defendant's First Special Defense
The plaintiff's motion to strike cannot be granted because it begs the court to consider facts that have not been alleged in the defendant's pleading. The First Special Defense is not ambiguous. It relies upon Connecticut General Statutes § 31-284
which embodies an exclusivity provision well-known to limit an employee's remedies against his employer. See e.g. RelianceInsurance Company v. American Casualty Insurance Co.,238 Conn. 285, 287, 679 A.2d 925 (1996) (referring to C.G.S. § 31-284
CT Page 63-M as "the exclusive remedy provision"); Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 106, 639 A.2d 507 (1994) ("the exclusivity provision of the act, General Statutes § 31-284 (a) [has been interpreted] as a total bar to common law actions brought by employees against employers for job related injuries . . ."); andCrochiere v. Board of Education, 227 Conn. 333, 363,630 A.2d 1027 (1993) ("the exclusivity provision of the Workers' Compensation Act"). The defendant's pleading neither expressly or by implication alleges a principal employer defense as the plaintiff contends. For the court to appropriately consider the legal grounds raised by the plaintiff's motion, facts would have to be imparted from outside the pleading.
The motion urges the court to presume that the defendant intended to plead the "principal employer" defense, a fact not set out in the defendant's pleading, and not one that is necessarily implied. "[A]lleging [such] affirmative matter makes [the motion to strike] the equivalent of a speaking motion to strike which is not proper." Connecticut State Oil Co. v.Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979). If the court were to indulge the plaintiff's request, it would have to first ascertain what the principal employer defense requires and then whether the facts satisfy those requirements or not. The court is asked, in effect, to impute a defense to the defendant and then hold that the defendant failed to plead facts sufficient CT Page 63-N to support it. It would be imprudent for the court to do so, and a rational review would otherwise require that the court consider law and facts that are not contained in the pleadings. Accordingly, the motion to strike must be denied.
Assuming arguendo that the court were to decide the motion on the merits of a challenge simply to the sufficiency of the defendant's C.G.S. § 31-284 defense, the motion would nevertheless be denied. "[A] claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but [which] demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164." Grantv. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). The motion to strike tests the adequacy of the special defense. Doranv. Waterbury Parking Authority, 35 Conn. Sup., supra, 281. When "the facts provable under its allegations would support a defense . . . the motion to strike must fail." Clohessy v.Bachelor, 237 Conn. 31, 58, 675 A.2d 852 (1996). Here, the defendant properly raised the issue of the plaintiff's election to pursue a remedy through workers' compensation and the likelihood that that election would bar further recovery. Since the defense conforms to the requirements of Bassman, and it is conceivable that the defendant may prove the special defense CT Page 63-O alleged, it is sufficient under Connecticut law.
III. Conclusion
For the foregoing reasons, the plaintiff's Motion to Strike the defendant's First Special Defense is denied.
SUSAN B. HANDY JUDGE, SUPERIOR COURT