## DIKEMAN *vs.* KETCHUM.

K. having tendered to M. a sum of money which he was bound by a contract to pay him, and a tender of which was necessary to prevent a forfeiture of his rights under the contract, deposited the money, on the refusal of M. to receive it, with W., directing him to pay it over to M. whenever he should demand it, and informing M. that it was in W.'s hands subject to his call. While the money was in W.'s hands, D., who had a claim of less amount against K., which was due, and admitted by him, demanded payment of K., and on his refusal to pay, requested him to give him an order on W. for enough to pay the debt, which K. also refused. D. then brought an action on the case against K. under the provisions of the 283d section of the act with

---

* Passed in 1846. Rev. Stat., tit. i., sec. 59.

regard to civil actions, charging him with fraudulently concealing and with-
holding his money, so that it could not be taken by legal process.  The jury
having found, under the charge of the court, that K. had deposited the money
in W.'s hands only for the purpose of keeping good the tender, that the ten-
der and deposit were honest and open transactions, and that notice thereof
was given by K. to the officer who made demand in behalf of D.; it was
held, that the money was not withheld by K. within the intent of the statute,
so that it could not be taken by legal process; and that K. had done all that
was incumbent on him, in informing the officer of the deposit, and was not
bound to withdraw the money from the application which he had made of
it, and appropriate it to the payment of D.'s claim.

THIS was an action on the case, brought under the pro-
visions of the 283d section of the statute with regard to civil
actions, which provides for such an action against a debtor
" who shall refuse to pay any debt admitted by him to be
due, or established by a valid judgment, while having moneys
or estate not exempt from execution sufficient to pay said
debt, concealed, or withheld by him, so that they can not be
taken by legal process."

The declaration, after alleging that the defendant was in-
debted to the plaintiff, on the 1st day of July, 1854, in the
sum of $54, for goods sold, which indebtedness still existed,
and was admitted by the defendant, proceeded to allege, that
the defendant refused to pay the same, although possessed of
a large sum of money, and more than sufficient to discharge
said debt, to wit, the sum of $150, and that the defendant
on said 1st day of July, with intent to defraud the plain-
tiff, concealed and withheld said money, so that the same
could not be taken by legal process to satisfy said debt, and
wholly refused to apply any part of the same to the payment
of said debt.  The writ was issued and served on the 1st
day of July, 1854.

The cause was tried on the general issue closed to
the jury, at the term of the superior court holden in the
county of Fairfield, in March, 1856.  On the trial it was ad-
mitted that before the 1st day of July, 1854, the debt men-
tioned in the plaintiff's declaration was, and still continued to
be, justly due from the defendant to the plaintiff, and that it
had at all times been admitted by the defendant.

The plaintiff claimed to recover, only on the ground that the defendant refused to pay the debt, while having money or estate, not exempt from execution, sufficient to pay the same, concealed or withheld by him so that it could not be taken by legal process.

It was agreed that on said 1st of July, the defendant had in his possession and owned $180, in gold, which at noon on that day, and before the commencement of this suit, he tendered to one Marvin, upon a contract before that time made by him with said Marvin, for the purchase of a tract of land lying in Westport, in Fairfield county ; that Marvin refused to receive the money at that time, because, as he claimed, the contract had been broken by the defendant, and that thereupon the defendant placed the money in the hands of one Winton, of said Westport, with instructions to hold the same and pay it over to Marvin, whenever Marvin should conclude to receive it; and that Marvin was notified of the deposit and that it would be paid over to him by Winton on demand; and that a few days after, and after the commencement of this suit, Marvin concluded to accept the tender, demanded the same of Winton, and received the amount from him in his check on the Saugatuck bank, in which bank he had deposited the money to his own credit, but there was no evidence that such deposit was made by the direction or with the knowledge of the defendant.

It was also agreed that Winton had no instructions from Marvin to hold the money for him ; and that the contract upon which the tender was made and finally received, was afterwards forfeited by the breach of some condition, and abandoned by the defendant.

The plaintiff offered evidence to prove that, on said 1st day of July, after the deposit of the money in the hands of Winton, he placed his writ in the hands of W. H. Sanford, a deputy-sheriff, who demanded payment of said debt of the defendant ; that the defendant refused to pay it, and told said deputy that he had nothing which could be taken by attachment, and that thereupon he immediately served said writ.

The defendant claimed and offered evidence to prove that,

some time before the tender, he had made a contract with
Marvin, for the purchase of said land, and had paid him $620,
as part of the purchase money, and had taken possession of
the land under the contract; and that by the terms of the
contract, $180 more of the purchase money became due on
the first of July, 1854, and must on that day be paid or ten-
dered in order to avoid a forfeiture of the contract; and that
for the sole purpose of making such payment, he had, by the
sale of the grass growing on said land, on that day raised said
sum and tendered it to Marvin, and on his refusal of the
money had, in Marvin's presence, placed it in the hands of
Winton, in order to keep good the tender, giving to Winton
instructions to pay the same over to Marvin whenever re-
quested by him, and at the same time giving to Marvin notice
that the money would be paid to him by Winton on request;
that the tender and deposit in Winton's hands were honest
and open transactions, without any concealment or fraud, or
any intent to place the money beyond the reach of process,
but only for the purpose of fulfilling said contract and pre-
venting the forfeiture thereof; and that when Sanford de-
manded the payment of said debt, he knew that the money
was in Winton's hands and requested an order on Winton
for so much of it as would pay the plaintiff's debt; that the
defendant declined to give such order because he honestly
supposed he had no right to give it, and so stated to Sanford,
at the same time informing him of all the circumstances at-
tending the tender of the money, and its deposit in Winton's
hands, and the instructions under which Winton received and
held the same.

The plaintiff claimed that the defendant's interest in said
contract, or his property or rights acquired under it, could
not be taken by attachment, and that by the tender and de-
posit the defendant undertook to invest his money in other
property, so that it could not be taken by legal process, and
so concealed the same within the meaning of the statute;
and that if, at the time of said demand, the defendant in fact
had, but claimed he had not, the means to make payment,

he withheld such means, within the meaning of the statute; and prayed the court so to charge the jury.

The court charged the jury:

That in order to entitle the plaintiff to a verdict, it must be shown that the defendant's money or estate had been concealed, or withheld by him, so that it could not be taken by legal process.

That "concealment" implied some positive act, and some intent of the party concealing, to seclude the subject of concealment from observation, or discovery, by others; that if the defendant, having the means to pay the plaintiff's debt, instead of paying it, invested such means in other property, so that it could not be taken by legal process, he "concealed" those means within the meaning of the statute; and that if, in putting his money into the hands of Winton, he did it secretly, or placed it there in the name of another person, or used any other means to conceal his interest in it, or the place of its deposit, he "concealed" it, within the meaning of the statute.

That "to withhold" implied only an omission to bring forward, when in his power, what the party ought to produce; and that if the defendant, admitting the debt, and having the means to pay it, refused upon demand to pay, he "withheld" within the meaning of the statute.

That the defendant's property in or right of control over the money, until its reception by Marvin, was not lost or affected by the tender of it, or by its deposit in Winton's hands, and that the defendant had a right to withdraw it at pleasure, and apply it to the payment of the plaintiff's debt.

But that it was not enough for the plaintiff to show that the money was "withheld" by the defendant, unless it was also shown to be so withheld that it could not be taken by legal process.

And that if the facts regarding the tender and deposit of the money, the object and intent with which it was made, and its freedom from fraud and from concealment, and notice thereof to said Sanford, were as the defendant claimed, the

money could have been secured by process of foreign attachment, if not by the ordinary process of attachment, and therefore was not concealed or withheld by the defendant so that it could not be taken by legal process, within the meaning of the statute; and that the debt being admitted, and it being admitted that said money was, at the time of the demand, in Winton's hands only for the purpose of keeping good said tender, and there being no claim that the defendant had any other money or means, if the jury should find that said money was by the defendant concealed or withheld so that it could not be taken on legal process, the plaintiff was entitled to a verdict; otherwise the verdict ought to be for the defendant.

The jury having returned a verdict for the defendant, the plaintiff moved for a new trial for a misdirection.

*Dutton* and *Ferry*, in support of the motion.

*Loomis* and *Wilson*, contra.

STORRS, J. The branch of the statute on which the plaintiff claimed a right to recover, subjects a debtor to the action provided in it, who " shall refuse to pay any debt admitted by him to be due, or established by a valid judgment, while having moneys or estate, not exempt from execution, sufficient to pay said debt, concealed or withheld by him so that they can not be taken by legal process." Stat. 150, tit. i., § 283, ch. xv. On the facts found by the jury in this case, there was plainly no concealment of property by the defendant. There was, however, a withholding of the money in the hands of Winton, because, although it was deposited with him for the purpose of keeping good the previous tender of it to Marvin, it was under the immediate control of the defendant, who might have procured it, and appropriated it to the payment of the plaintiff's debt. But a mere withholding of property is not sufficient to charge the debtor; it must be such a withholding that it can not be taken by legal process. In this case, if the plaintiff could not have attached specifi-

cally the money in Winton's hands, he could have recovered the amount from Winton by process of foreign attachment, and in one of these modes made it available for the payment of his debt; and therefore it was not so withheld that it could not be taken by legal process. On these points the charge below was correct. It is claimed that it was the duty of the defendant to procure the money from Winton, and pay it to the plaintiff, or offer it to the officer on his attachment. No such duty rested on the defendant; he had deposited it with Winton honestly, and for a lawful purpose, and was not liable for not withdrawing it, by which means that purpose might be frustrated. It was sufficient for him to inform the officer of its situation, so that it could be secured by attachment. If it had been any other property, situated at a distance, it would not have been incumbent on him to go after it and deliver it to the officer, but it would have been sufficient to give the latter such information that he could have attached it; and we do not perceive why the same rule does not apply to the present case.

A new trial is not advised.

In this opinion, the other judges, WAITE and HINMAN, concurred.

New trial not to be granted.