SETH S. WASHBAND *vs.* JOHN S. WASHBAND.

A voluntary conveyance is one that is made wholly without valuable consideration.

Where a conveyance is made by a grantor who is indebted at the time, upon a valuable consideration that is inadequate, such inadequacy is evidence, though not conclusive, of actual fraud, but does not render the conveyance a voluntary one.

Where a minor agreed, as the consideration of the conveyance of certain land to him, to pay certain debts of the grantor, and afterwards did in fact pay them, it was held that the agreement constituted a valuable consideration for the conveyance.

DISSEIZIN.  Tried to the court.

On the trial the plaintiff claimed title to the demanded premises, by virtue of the levy of an execution thereon, as the property of Sterling S. Washband, the father of the defendant.  The defendant claimed title thereto by virtue of two deeds from the said Sterling, one given in 1848, and one in 1851, which were given anterior to any attachment or levy by the plaintiff.  The plaintiff claimed that these deeds were voluntary, and given while the grantor was indebted to him, and therefore constructively fraudulent as against him. The claim of the plaintiff at that time was by a note of $240, dated October 2d, 1843, and payable September 3d, 1847, upon which note he afterwards obtained the judgment upon which the execution levied on the land had been issued. The defendant denied that the deeds were voluntary, or fraudulent, and further claimed they were given pursuant to the advice of the plaintiff, and under such circumstances as estopped the plaintiff from making any such claim.   The questions whether the deeds were voluntary and constructively fraudulent, and if so, whether the plaintiff had so conducted that he was estopped from making the claim, were the only ones made between the parties.   The court found the following facts:

The said Sterling, in 1847, owned the land in question, with several other tracts, all of the value of $3,500.   He had no personal property, and owed no debts except the note of the plaintiff and two small debts amounting to $55.   He was very intemperate, and under the charge of an overseer appointed by the selectmen.   He had no wife living, and but two children, a daughter and the defendant, who were both minors.   In that year the plaintiff, who was a brother of Sterling, and another brother, George, advised Sterling to convey his property to his children and let them support him. It was their object to prevent him from wasting his property,

to preserve it for the children, and avoid the necessity of an overseer. Acting under that advice, Sterling executed deeds, giving all his property to the children. The defendant received much the largest share, and not wishing to wrong his sister, declined to accept the deeds. They were therefore destroyed, and in 1848 new ones, making a more equal division between the children, were executed. They were quitclaim deeds in the usual form, and by them the grantor reserved the use of the land for his life. In 1851, other deeds were executed by the said Sterling to the defendant and his sister, conveying the same premises. The deed to the defendant contained the following condition :—" The condition of the above deed is such, that the said John S. Washband is not in any way to dispose of said land during my natural life, and also that said land is to be held liable for one-half of my support during said time. Now, if said John S. Washband shall retain possession of said land, and pay for one-half of my necessary support, then the above deed is to be and remain good in law; otherwise to be void and of none effect." The deed to the daughter contained a similar condition with regard to the support of the grantor by her, and her possession of the land. No money was paid by the grantees in consideration of the deeds, except that they agreed to pay, and have since paid, the two debts before mentioned, amounting to $55; nor was there any other valuable consideration given, or agreed to be given by the grantees therefor. The consideration expressed in the deed to the defendant executed in 1848, was " one dollar," and in that of 1851, " a valuable sum." The demanded premises were a part of the land conveyed to the defendant. In 1847, when the first deeds were given, the plaintiff assented to and advised the giving of the deeds by Sterling to his children, and was a subscribing witness thereto. The deeds of 1848 were also given with his knowledge and approbation, and accepted by the children under his advice, and he was present when they were executed, and was a subscribing witness. The deeds of 1851 were also executed and delivered in accordance with his advice and with his knowl-

edge and approbation, but he was not present when they were executed. During all the time when the arrangement was being made and perfected, he was entirely silent respecting his note or his intention to collect it ultimately. The defendant supposed that the note had been satisfied. It could not have been paid either by Sterling or the grantees, except by a sale of a part of the land, if payment had been insisted on at that time. The plaintiff, however, did not intend to give up the claim, but expected that the children would pay it at some future day, when they should be of age, and able to do so without selling or sacrificing the property.

On these facts the court rendered judgment for the plaintiff to recover the demanded premises, and the defendant brought the record before this court by a motion in error.

*Webster*, for the plaintiff in error.

1. The defendant's title to the land in question is acquired by a conveyance purporting to be upon a valuable consideration, and which was in fact upon such consideration, and which therefore does not come strictly within that class of conveyances called voluntary conveyances without consideration. *Waterhouse* v. *Benton*, 5 Day, 137.

2. But a voluntary conveyance without consideration is not necessarily fraudulent as against creditors. *Salmon* v. *Bennett*, 1 Conn., 525. To produce this effect there must be a fraudulent intent. The statute expressly makes the invalidity of the conveyance depend on the existence of such fraudulent intent. Rev. Stat., tit. 20, § 1. *Salmon* v. *Bennett*, supra.

3. The fact that a conveyance was made without adequate consideration, or only upon consideration of love and affection, gives rise to a presumption of fraud. But in each case such presumption may be repelled by evidence. *Parker* v. *Proctor*, 9 Mass., 390. *Bennett* v. *Bedford Bank*, 11 id., 421. *Verplank* v. *Sterry*, 12 Johns., 558. *Salmon* v. *Bennett*, 1 Conn., 525. *Walker* v. *Burrows*, 1 Atk., 93.

4. The conveyance under which the plaintiff in error claims was not an *actual* fraud upon the plaintiff, for he was

not imposed upon. There was no deceit or artifice practiced upon him; there was no suppression of truth, and no stating of falsehood; he knew of the transaction, advised to it, assisted in it, and, if it was a fraud upon other creditors, he was a party to that fraud, and can not be permitted to take advantage of his own wrong.

5. The plaintiff is estopped from claiming that the conveyance was a constructive fraud upon him, because it was executed and delivered with his knowledge and approbation, and upon his advice, and with an entire silence on his part respecting his note, or his ultimate intention of collecting it. *Waterhouse* v. *Benton,* supra. *Brown* v. *Wheeler,* 17 Conn., 346. *Roe* v. *Jerome,* 18 id., 138. *Whitaker* v. *Williams,* 20 id., 98. *Dyer* v. *Cady,* id., 563. *Cowles* v. *Bacon,* 21 id., 451. *Preston* v. *Mann,* 25 id., 118. *Taylor* v. *Ely,* id., 250. Story on Agency, § 91. *Like* v. *Howe,* 6 Esp., 20 *Clark* v. *Clark,* id., 61. *Watson* v. *Wace,* 5 B. & C., 153. *Heane* v. *Rogers,* 9 id., 561. *Welland Canal Co.* v. *Hathaway,* 8 Wend., 483. *Jennings* v. *Whitaker,* 4 Munr., 50. *Grant* v. *Jackson,* Peake, 203. *Ashmore* v. *Hardy,* 7 C. & P., 501.

*Wooster,* for the defendant in error.

1. The conveyance of the land in question was without consideration; was a conveyance which, with others made at the same time, embraced all the land of the grantor, the whole of which was of the value of $3,500; and left the grantor no means with which to pay the then outstanding debt to the plaintiff. The deed was therefore, as against the plaintiff, voluntary and void. 1 Swift Dig., 278, 279. The mere agreement to pay a debt of $55 owed by the grantor, can not be regarded as a substantial consideration for the conveyance of land of such an amount, and especially as the two grantees were minors and could make no valid agreement to pay the debt.

2. The plaintiff is not estopped from gaining title to the land by levying an execution upon it as a creditor, nor from making the claim that the conveyance was fraudulent and

void.    The case is within the principle of *Waterhouse* v. *Benton*, 5 Day, 136.    The plaintiff made no representation with regard to his claim that misled or had a tendency to mislead the defendant, nor did he conceal anything, or remain silent " when it was his duty to speak " or " when conscience required him to speak." *Niven* v. *Belknap*, 2 Johns., 573. " When the representation or concealment is not willfully fraudulent, or is not attended by such gross negligence of the rights of others as to be tantamount thereto, the party ought not to be estopped." *Parker* v. *Barker*, 2 Met., 423.    *Dyer* v. *Cady*, 20 Conn., 568.    *Taylor* v. *Ely*, 25 id., 250.

To save the property from being squandered by his intemperate brother, the plaintiff merely advised that it be transferred to his brother's children, expecting that when they were able they would pay his claim out of the property. The court does not find that by reason of anything said or done by the plaintiff the defendant has done any act that he would otherwise not have done, nor that he is in a worse position than he would otherwise have been.    The defendant and his sister for years have had all of the estate of their father, and without the land in question will still have property received from him of more than the value of $3,000.

STORRS, C. J.    The only question made before us, on the argument of this case, is, whether the conveyances under which the defendant below claimed title to the demanded premises, were valid against the claim of title set up by the plaintiff under the levy of his execution, which was subsequent to those conveyances.  .

It is conceded that all the proceedings under that execution appear, from the finding of facts by the court below, and on which its judgment was based, to have been in all respects regular, and that they are in form unexceptionable ; and also that the debt for which the judgment was rendered on which that execution issued, accrued to the plaintiff prior to the execution of the deeds by Sterling Washband, who was the former owner of the land in controversy, and under

whom both parties claimed title to it. No objection is made by the plaintiff to the form of those deeds, and it is conceded that they constituted, by their terms, a conveyance to him of all the interest of the grantor in the land which they purported to convey and which embraced the land in controversy. Hence, if such conveyance is not good against the claim of the plaintiff under his execution, it must be because it is rendered invalid by the circumstances under which it was made. It is not found by the court below, nor has it been claimed by the plaintiff, that these deeds were executed with any fraudulent or improper intent on the part of any of the parties to them; nor are they attempted to be impugned on that ground. It appears, from the finding below, that there was evidence which would be relevant on the question whether there was actual fraud in the execution of those instruments. We refer more particularly to the evidence going to show the inadequacy of the consideration which was paid for the land conveyed by those deeds. It was, however, evidence only, conducing to prove actual fraud, but was not conclusive on that point, and was to be considered and weighed on such a question, if it had been made, by the judge alone who tried the case. It is sufficient for us that the fact of fraud, which might have been involved in it, is not found, and therefore does not appear as a fact in the case. We do not mean to intimate any opinion as to whether, on the facts as they appear from the finding, the conduct of the plaintiff in regard to the deeds would furnish an answer to a claim of fraud made by him, if he had interposed such a claim. It is unnecessary to express an opinion on that point.

The only ground on which the plaintiff below claims to avoid the deeds in question, is, that they were voluntary conveyances only, made on no valuable consideration, and that they were therefore constructively fraudulent as to him, a prior creditor of the grantor. We are of the opinion that they were not conveyances of that description. On the facts found it appears that they were given for a valuable consideration, which, however inadequate, and in that respect evi-

dential of actual fraud, relieves them from the imputation of being voluntary, which implies the total want of a substantial consideration. It is found that the defendant and his sister Mary, to the latter of whom the property of the grantor not embraced in the deeds to the defendant was conveyed at the same time when the conveyance was made to the defendant, agreed with the grantor, in consideration of the conveyances, to pay two debts, amounting to fifty-five dollars, then due from the grantor to other persons, and that they have since, in pursuance of that agreement, paid those debts. That the payment of a debt of the grantor as much constitutes a valuable consideration as the payment to him directly of a sum of money, can not be questioned. If indeed the amount of the consideration were only nominal, it would be unavailing against the plaintiff; but in this case we perceive no ground on which we can pronounce the payment of the debts of the grantor to be nominal only; and to consider the payment of a debt due by him, and to the payment of which he would otherwise be subjected, to be so, would be absurd. Nor does the fact that the defendant, as well as his sister, were minors when they agreed to pay those debts, render the consideration for the conveyances nominal or worthless; because that agreement on their part was not void, but only voidable; and it appears that, so far from ever having avoided it, they have since performed it by paying those debts. This short but decisive view of the case renders it unnecessary to consider the further question made before us, whether, if the conveyance to the defendant had been voluntary, that circumstance would be sufficient to postpone his claim under it to that of the plaintiff. That conveyance having been made for a valuable consideration and without fraud, it is of course good, not only between the parties to it, but against the plaintiff, a prior creditor of the grantor, who, when it was executed, had taken no legal steps to appropriate the land conveyed to the payment of his debt. And the conveyance being of that character, the case of *Waterhouse* v. *Benton*, (5 Day, 136,) on which the plaintiff has relied, is obviously inapplicable to the present. In that case the only

question was, whether a voluntary conveyance made by the advice and at the request of a creditor of the grantor, is by such advice and request rendered valid against that creditor; but that decision does not apply to an honest conveyance for a valuable consideration, the validity of which plainly could not depend on the fact on which the conveyance in that case was sought to be sustained.

The judgment complained of is therefore erroneous.

In this opinion the other judges concurred.

Judgment reversed.