OSCAR WILLIAMS *vs.* NELSON B. MEAD.

Third Judicial District, New Haven, January Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An action under chapter 167 of the Public Acts of 1907, § 15, providing that any person "who shall unlawfully kill or injure any registered dog, shall be liable to the owner in a civil action," is one founded on a tort.

General Statutes, § 769, as amended by chapter 97 of the Public Acts of 1907, provides that in all actions founded on tort which originate and are tried in "any city court," the plaintiff shall recover, under certain circumstances, no more costs than damages. *Held* that this limitation upon costs applied to their taxation in city courts in cases in which the *ad damnum* was $100 or less, as well as to cases in which it was for a greater sum, notwithstanding the respective city charters which were previously granted contained a provision that in the former class of cases the fees and costs should be the same as those taxed by justices of the peace.

In an action to recover for the killing or injury of a registered dog, it is not necessary to plead the statute or count upon it. If the complaint states facts which entitle the plaintiff to the statutory or to the common law remedy, or to both, it is sufficient.

Submitted on briefs January 21st—decided March 3d, 1908.

ACTION to recover damages for running over and killing the plaintiff's licensed dog, brought to the City Court of Danbury and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $10, and appeal by him from the refusal of the trial court to award him more than $10 costs. *No error.*

*Aaron T. Bates,* for the appellant (plaintiff).

*Samuel Tweedy* and *J. Moss Ives,* for the appellee (defendant).

THAYER, J. The plaintiff had a verdict for $10 damages in the City Court of Danbury. His taxable costs amounted to $28.33, but the court in its judgment allowed him only $10 costs. The court's refusal to allow him costs in excess of the amount of the damages recovered is the sole ground of his appeal. Section 769 of the General Statutes, as amended by chapter 97 of the Public Acts of 1907, provides that " in all actions founded on tort tried in the superior court, court of common pleas, or the district court of Waterbury, or any city court, and not brought to such court by appeal, if the damages found do not exceed fifty dollars, the plaintiff shall recover no more costs than damages," except in certain cases, of which this is not claimed to be one.

This case was brought to the City Court of Danbury, not by appeal but by writ originally returnable to that court. If the action is founded on tort, it is obviously within the letter of the statute mentioned. The plaintiff claims that the action is not founded upon a tort, being, as he claims, an action in the nature of debt upon the statute, § 15 of chapter 167 of the Public Acts of 1907, which provides that every person " who shall unlawfully kill or injure any such [registered] dog, shall be liable to the owner in a civil action, and shall be fined not more than two hundred dollars, or imprisoned not more than six months, or both." Since the Practice Act abolished forms of action, we have no such action as debt on a statute.

The allegations of the complaint are that the defendant, with an automobile, struck and ran over and unlawfully killed a valuable dog, the property of the plaintiff, and that the dog at the time was licensed and registered, and wore a collar to which was attached a numbered tag. Except as the complaint follows the language of the statute, it does not count upon or plead it; and it was not necessary to plead it or count upon it in order to obtain the remedy provided by it. If the complaint stated facts showing that the plaintiff is entitled to the remedy provided by the statute, or one provided by the common law, or both, it would be a good complaint. And whether the facts alleged in this case entitled the plaintiff to damages at common law, or by virtue of the statute, would make no difference as regards the gist or ground of the action. It is founded upon a tort,—the wrongful, unlawful and criminal act of the defendant in killing the plaintiff's registered dog.

The plaintiff further claims that even if the action is founded on tort, the statute limiting the costs to the amount of damages recovered- does not apply to actions like this—wherein the damages claimed do not exceed $100—brought to the City Court of Danbury. That court, by the city charter (10 Special Laws, p. 1019, § 83), has jurisdiction of all actions where the matter in demand does not exceed $500, and one of the parties resides in the town of Danbury; but the action where the damages alleged exceed $100 is to be proceeded with, and the costs taxed, as in courts of common pleas, and where the damages alleged are $100 or less, the same fees and costs are to be taxed as are taxed by justices of the peace. The charter was granted in 1889. At that time there existed, in § 1117 of the General Statutes (Rev. 1888), a provision limiting the recovery of costs to the amount of damages recovered, if the latter did not exceed $50, but it applied only to actions founded on a tort, tried in the Superior Court, Court of Common Pleas, or District Court, and not brought to such court by the defendant by appeal. The same section provided that in any civil action in which equitable relief

was not properly demandable, tried in either of those courts and not brought to them by the defendant by appeal, if the damages found and assessed should not exceed $100, costs might be taxed at the discretion of the court in favor of either party. Section 1121 of the same Revision provided that when, on an appeal from the judgment of a justice of the peace, a more favorable judgment should not be obtained by the appellant in the appellate court than was secured below, he should recover no costs on the appeal.

These statutes, as is apparent, were intended to discourage the bringing of matters cognizable by justices of the peace before the higher courts. When the Danbury City Court was given concurrent jurisdiction with justices of the peace in cases wherein the matter in demand does not exceed $100, it was provided that in such cases the fees and costs taxed should be the same as if the case were brought before a justice of the peace. It is said that Acts creating other city courts have similar provisions. The result was that full costs were taxed in all cases in the City Court, but in cases above $100 the costs and fees were greater than in cases in which the *ad damnum* did not exceed that sum. This afforded no temptation, in the way of a larger bill of costs, for bringing justice cases in the City Court. But in 1897 § 1117 above mentioned was amended, so that both of its provisions applied to any City Court, the same as to the courts theretofore mentioned therein. The reason for the amendment is not clearly apparent. It applies the same rule, respecting the costs to be recovered in cases where the damages do not exceed $50, to both the city courts and the higher courts, where their jurisdiction is concurrent: that is, in cases where the damages claimed are between $100 and $500; but in the cases below $100, where the jurisdiction of the City Court is concurrent with that of justices of the peace, a different rule is applied. The effect of it, however, is to encourage the bringing of actions founded on tort in small cases, when there can be no reasonable expectation of recovering more than $50, before justices of the peace. But whether this or some

other purpose actuated the legislature in making the amendment of 1897, we need not inquire. The only change made by the Act was to apply the provisions of § 1117 of the Revision of 1888 to the city courts. The language is clear, and we cannot say that the legislature did not mean what it said.

There was no errror in the judgment in allowing no more costs than damages.

In this opinion the other judges concurred.