CATHERINE ALLEN *vs.* BRIDGET F. LYNESS.

First Judicial District, Hartford, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Having alleged facts which entitle him to a statutory remedy, it is unnecessary for the plaintiff to aver that the action is brought on the statute.

Error cannot be assigned on the refusal of the trial court to comply with a request for instructions, presented as a unit, some of which are unsound.

When the right of a creditor to seize land conveyed by his debtor to other than a bona fide purchaser for value, may depend upon whether he was a creditor when the conveyance was made or became one subsequently, a request to charge which ignores that distinction may well be refused.

Requests to charge couched in language drawn from the opinions of this court are seldom adapted for use in instructing a jury. For them, the important thing is not what rules are applicable to some or many cases, but what is essential for their guidance in the particular case on trial; and a charge which is clear and adequate in that respect is all sufficient.

Proof that property was fraudulently conveyed three years before by the defendant is not enough to entitle a plaintiff to recover under General Statutes, § 1099; it must also appear that such property is concealed or withheld so that it cannot be taken by legal process.

The statute (§ 1099) preserves the remedy of imprisonment for debt in the instances of fraud specified therein.

In order to show that land standing in the name of a third person is really the property of the defendant, it is essential for the plaintiff to prove either that the third person, upon taking title, agreed to hold it for the benefit of the defendant, or that the deed was given with an actual intent to defraud future creditors, in which case it would, as to them, be open to attachment and levy precisely as if the deed had never been made, provided the grantee had participated in the fraud.

A fraudulent intent upon the part of the grantor at any other time than the date of the deed is only material as it may throw light on his actual intention at that time.

Whether real estate can be "concealed" or "withheld" from legal process within the meaning of § 1099, or whether the fact that, notwithstanding a deed of it to a third person, it is still open to attachment and levy as the property of the defendant, would be sufficient to defeat an action on the statute, quære.

Argued January 7th—decided February 16th, 1909.

ACTION for refusing to pay a judgment debt, while having sufficient estate, not exempt from execution, concealed and withheld so that the same could not be taken by legal process; brought to the Court of Common Pleas in Hartford County and tried to the jury before *Peck, J.;* verdict and judgment for defendant. *No error.*

*Percy S. Bryant* and *Harry M. Burke,* for the appellant (plaintiff).

*Herbert O. Bowers,* for the appellee (defendant).

BALDWIN, C. J. This complaint (treating it as both parties have done, as charging fraud) states facts which, if true, gave an action under General Statutes, § 1099. It was unnecessary to aver that the action was brought on the statute. *Williams* v. *Mead,* 80 Conn. 434, 436, 68 Atl. 1009. The complaint did not describe the estate concealed or withheld, but it was, as the plaintiff claimed on the trial, an interest in land.

It was conceded that the defendant owned an equity of redemption in this land, under a deed from her father, from 1893 to 1899; that she then conveyed it to her only child, Margaret A. Lyness; that the latter. in July, 1902, reconveyed it; that no money was paid as a consideration for either conveyance; that on September 22d, 1902, the defendant reconveyed it to her daughter, subject to a new mortgage which she had put upon it for $400; that in 1904 the defendant became indebted to the plaintiff; that the plaintiff, in 1905, recovered a judgment on such debt against the defendant, who refused to pay on demand; and that the equity in the land was then worth enough to pay it in full.

The plaintiff offered evidence to prove that the $400 mortgage was put on by the defendant in August, 1902, partly to pay debts which she owed to the amount of over $225; and that the defendant in many ways dealt with the land as if she were the absolute owner, while the paper title was in her daughter.

It did not appear that any debts due from the defendant on September 22d, 1902, remained unpaid, excepting her $400 mortgage note.

The defendant offered evidence to prove that her earnings and her daughter's earnings had enabled her father to acquire the land; that he conveyed to her on the understanding that she should convey to Margaret, when the latter was older; that another relative had contributed $300 toward the purchase of the land, and expressed the desire that it should go to Margaret's benefit; and that the defendant had dealt with the land in behalf of Margaret and to save her the trouble of attending to it.

The plaintiff asked the court to instruct the jury that a person might, as to his creditors, be the real owner of land the legal title to which stood in another's name; that the law would not permit the owner of land to convey it to another, if this would prevent his creditors from collect-

ing their dues; that if such a conveyance were not made to a bona fide purchaser for value, the equitable title would remain in the grantor, and his creditors could seize the land to satisfy their claims; and that if they found that the defendant was the equitable owner of the land in question, or that the conveyance to Margaret A. Lyness prevented the plaintiff from collecting her judgment against the defendant, the plaintiff was entitled to a verdict.

These requests were presented as a unit. It would have been error to instruct the jury that if a conveyance of land were not made to a bona fide purchaser for value, the equitable title would remain in the grantor, and his creditors could seize the land to satisfy their claims. Such a charge would have ignored the distinction between creditors who were such when the conveyance was made, and those who became creditors subsequently. Error cannot be assigned on the refusal to comply with a request for instructions, some of which are inconsistent with law.

The plaintiff also asked the court to instruct the jury that if the defendant, while indebted, conveyed to her daughter upon a valuable but inadequate consideration, such inadequacy was evidence of actual fraud; that whether a transaction were fraudulent as to creditors was always a question of fact; that the essence of fraud consists chiefly in motive, and is seldom reached through direct testimony; and therefore that the law, in many cases, dispenses with the necessity of positive proof and permits the introduction of circumstantial, presumptive, or persuasive evidence.

This request is couched in language mainly drawn from certain opinions of this court. *Washband* v. *Washband*, 27 Conn. 424, 430; *Olmsted* v. *Hoyt*, 11 id. 376, 380. It is seldom that extracts of that nature are adapted for use in instructing a jury. Here, for instance, the important thing was not what kind of evidence will be dispensed with "in many cases," but what kind had been put before the jury in this particular case, and what was the weight which

they were at liberty to accord to it. On these points the charge as given was clear and adequate.

The jury were instructed that, as to the claim that the deed of September 22d, 1902, was given with intent to defraud those who might thereafter become creditors of the grantor, they were to say whether the plaintiff had proved it by a fair preponderance of the evidence; and that if she had, she was entitled to a verdict. This portion of the charge affords no ground of complaint to the appellant. It was too favorable to her. On that branch of the case she was bound to establish two fraudulent acts: one the giving of the conveyance in 1902, and the other the concealing or withholding the property, so that it could not be taken by legal process, three years afterward. The instruction complained of would have supported a verdict, if only one of these acts had been proved.

The statute was originally enacted as part of the change in our system of judicial procedure by which imprisonment for debt was abolished. Public Acts of 1842, p. 37, Chap. 23. It was designed to preserve that remedy when the debtor, having property sufficient to pay his creditor, fraudulently concealed or withheld it from him in order to prevent his taking it by process of attachment or execution. The gist of the statutory action thus given was this fraud on the creditor. *Armstrong* v. *Ayres,* 19 Conn. 540, 546. He was bound to show that the debtor had property subject to levy, sufficient to pay the debt; but this would be unavailing unless it were further shown that the defendant concealed it or withheld it from the reach of civil process. *Dikeman* v. *Ketchum,* 25 Conn. 363, 368; *Atwater* v. *Slepcow,* 74 id. 671, 51 Atl. 1063.

It is a further ground of appeal that the court instructed the jury that if they did not find that the plaintiff had proved either that by the understanding of the parties to the deed of September 22d, 1902, the real beneficial interest remained in the defendant, while the apparent and rec-

ord title was placed in the name of the daughter, or that the deed was given with an actual purpose and intent to defraud creditors, their verdict should be for the defendant.

In order to show that the defendant, when, in 1905, she refused to pay the plaintiff's judgment, had property enough to pay it, it was necessary to establish that the real estate in question, the title to which stood in the name of a third party, was—as respects the plaintiff—really the property of the defendant. It could be such only in case one of two things were true: namely, that by the understanding or agreement of the parties to the deed the daughter was to hold the title for the mother's benefit; or that the deed was given with an actual intent to defraud such as might thereafter become creditors of the grantor, in which case—as to them—it could be levied on by legal process precisely as if the deed had never been made, provided the grantee had participated in the fraud. See *Partelo* v. *Harris*, 26 Conn. 480, 483. There was, therefore, nothing in this part of the charge of which the plaintiff could complain.

The jury were also properly told that, with respect to the claim of an actual intent, in giving the deed, to defraud future creditors, a fraudulent intent on the defendant's part at any other time than September 22d, 1902, would only be material for what light it would throw on the occurrences of that day; and that as the defendant owed nothing to the plaintiff until long after September 22d, 1902, the latter must show an actual intent to defraud future creditors in giving the deed of that date. *Barbour* v. *Connecticut M. L. I. Co.*, 61 Conn. 240, 251, 23 Atl. 154; *Bassett* v. *McKenna*, 52 Conn. 437.

We have not found it necessary to decide whether the fact that, after the conveyance of September 22d, 1902, the land was still open to attachment and levy as the property of the defendant, was sufficient to defeat this action, nor whether the statute reaches a case where the property,

as to the concealment or withholding of which from legal process, fraud is charged, is real estate. The court below, in compliance with the plaintiff's request, instructed the jury that it does reach it, and no reason of appeal on this account is or could be set up by her.

There is no error.

In this opinion the other judges concurred.