JENNIE DUBREUIL *vs.* C. FRED WATERMAN.

First Judicial District, Hartford, January Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

A statute may be both remedial and penal in its nature.
Statutes allowing a recovery of double or treble damages for injuries caused by negligence are generally regarded as remedial.
Such a statute is, however, so far penal in its nature that it is to be strictly construed in determining whether the negligent act complained of comes within the description of those for which a recovery of double or treble damages is permitted.
A plaintiff who intends to claim such double or treble damages must show by the allegations of his complaint, not only that his action is based upon the statute, but that the act complained of comes within its terms. The plaintiff ought also, in compliance with the spirit of the Practice Act, to state his claim for such increased damages in his prayer for relief.
Chapter 216 of the Public Acts of 1905, § 2, provides how persons and vehicles meeting or overtaking each other on the highway shall pass; and chapter 268 of the Public Acts of 1909 declares that any one who, by neglecting to conform to these rules, shall cause injury to the person or property of another, or shall negligently collide with another, shall pay the party injured double or treble damages, as in the discretion of the presiding judge shall seem just. The plaintiff alleged that while she was walking across a street the defendant negligently and recklessly drove his automobile along the highway at an unreasonable and improper speed, and so as to endanger the life or limb of persons in said street, and unlawfully and negligently ran into and injured her; but the complaint did not recite or refer to any statute, nor did it contain any claim for double or treble damages. *Held:*—
1. That under these circumstances it did not appear that the action was based upon a violation of the law of the road as prescribed in the Act of 1905, and therefore the plaintiff was not entitled to have

the damages awarded by the jury doubled or trebled by the trial judge.

2. That a recovery of these enhanced or increased damages could only be had where such a recovery appeared to the trial judge, in the exercise of his discretion, to be just and right.

3. That such increased damages were not recoverable for every negligent collision on a highway, but only for such as resulted from a violation of the regulations contained in the Act of 1905.

Argued January 3d—decided January 20th, 1911.

ACTION to recover damages for negligently running into and injuring the plaintiff with an automobile, brought to the Superior Court in Windham County and tried to the jury before *Holcomb, J.;* verdict for the plaintiff for $800 damages, which the trial judge refused to double upon motion of the plaintiff, from which refusal he appealed. *No error.*

*Donald G. Perkins* and *Allyn L. Brown*, for the appellant (plaintiff).

*Charles E. Searls*, with whom were *William BroSmith* and *Robert C. Dickenson*, for the appellee (defendant).

HALL, C. J. The complaint in this action alleges that the plaintiff, nine years of age, was walking across Elm Street, from west to east, in the town of Putnam, and was standing on Elm Street, north of the intersection of Elm and Bridge streets, when the defendant, "who was then operating a certain motor vehicle upon the public highways of this State, negligently and recklessly operated and drove said motor vehicle . . . along Elm Street at an unreasonable and improper speed . . . and so as to endanger the life or limb of persons in said street, and unlawfully and negligently ran said automobile into and against the plaintiff," and injured her in the manner described in the complaint. The complaint neither recited nor referred to any stat-

ute, and contained no claim for double or treble damages.

The jury having returned a verdict for the plaintiff for $800, the plaintiff moved the court to double or treble the damages, which motion the court denied. In denying said motion the trial judge stated that it did not seem to him just that the damages awarded should be either trebled or doubled or increased.

The denial of said motion is the only error assigned in the appeal.

Section 11 of chapter 211 (p. 1137) of the Public Acts of 1909 provides that "no person shall operate a motor vehicle on the public highways of this State recklessly or at a rate of speed greater than is reasonable and proper, . . . or so as to endanger . . . the life or limb of any person." This Act contains no provision for the recovery of double or treble damages.

Sections 2 and 3 of chapter 216 of the Public Acts of 1905, p. 412, entitled "An Act concerning the Meeting and Passing of Persons and Vehicles on Public Highways," are as follows: "Sec. 2. Whenever a person walking in the traveled portion of a public highway, or a person riding, driving, or leading a horse or other animal therein, or driving or operating a vehicle therein, shall meet another person thus walking or thus riding, driving, or leading a horse or other animal, or thus driving or operating a vehicle, if such persons are moving in opposite directions each shall slacken his pace, if necessary, and seasonably turn to the right so as to give half of the traveled road, if practicable, and a fair and equal opportunity to pass, to the other; or, if they are moving in the same direction, the person overtaking shall pass on the left side of the person overtaken, and the person overtaken shall, as soon as practicable, turn to the right so as to give half of the traveled road and a free passage on the left, to the other. Any such person shall, at the

intersection of public highways, keep to the right of the intersection of the centers of such highways when turning to the right, and pass to the right of such intersection when turning to the left. Sec. 3. Every such person who shall, by neglecting to conform to the provisions of section two of this act, cause any injury to the person or property of another, or shall negligently collide with another, thereby causing such injury, shall pay to the party injured treble damages and costs."

In 1909 (Public Acts of 1909, Chap. 268, p. 1256) said Act was amended as follows: "Section three of chapter 216 of the public acts of 1905 is hereby amended to read as follows: Every person who shall, by neglecting to conform to the provisions of section two of this act, cause any injury to the person or property of another, or shall negligently collide with another, thereby causing such injury, shall pay to the party injured double or treble damages as, in the discretion of the judge of the court in which the action is pending, shall seem just, together with the costs of such action."

It is the plaintiff's claim that this action is based upon the Act of 1905, as amended by chapter 268 of the Acts of 1909, and that by force of said Act and amendment, he was entitled, as a matter of right, to have the damages awarded by the jury doubled, and that the trial judge could only exercise his discretion upon the question of whether or not the damages as awarded should be trebled. The defendant, on the other hand, contends that upon the averments of the complaint this cannot be regarded as an action to recover double or treble damages under chapter 216 of the Acts of 1905 as amended by chapter 268 of the Acts of 1909; and that if it can be so considered it was within the discretion of the trial judge to determine whether the damages awarded by the jury should be increased, and if increased, whether they should be doubled or trebled, and

that the trial judge has conclusively decided said question against the plaintiff.

A statute may partake of the nature both of a remedial and of a penal statute. *Gardner* v. *New York & N. E. R. Co.*, 17 R. I. 790, 24 Atl. 831. In permitting an individual to recover damages as a remedy for an injury sustained by him, chapter 268 is a remedial statute. *Brady* v. *Daly*, 175 U. S. 148, 20 Sup. Ct. Rep. 62. Statutes allowing the recovery of double or treble damages as increased damages for injuries suffered by the negligence of another are generally regarded as remedial. *Gardner* v. *New York & N. E. R. Co.*, 17 R. I. 790, 24 Atl. 831; 36 Cyc. p. 1183. In so far as chapter 216, as amended, requires the person at fault to pay to the injured party a greater sum than that which measures the injury sustained, though not strictly penal, it so far partakes of the nature of a penal statute that it should be construed with reasonable strictness in determining whether the act complained of comes within the description in the statute of the acts for which the person in fault is made liable. *Tracy* v. *New York, N. H. & H. R. Co.*, 82 Conn. 1, 72 Atl. 156; *Casey* v. *St. Louis Transit Co.*, 116 Mo. App. 235, 91 S. W. 419.

As the Act in question is not a strictly penal statute, the plaintiff was not required to recite it or to expressly aver that the action was brought upon it in order to recover the increased damages provided by it. *Leone* v. *Kelly*, 77 Conn. 569, 60 Atl. 136; *Allen* v. *Lyness*, 81 Conn. 626, 71 Atl. 936; *Williams* v. *Mead*, 80 Conn. 434, 68 Atl. 1009. But to entitle him to recover the double or treble damages provided in chapter 268 of the Acts of 1909, it was necessary that the averments of the complaint should show that the action was brought upon the statute; *Broschart* v. *Tuttle*, 59 Conn. 1, 21 Atl. 925; *Allen* v. *Lyness*, 81 Conn. 626, 71 Atl. 936; *Leone* v. *Kelly*, 77 Conn. 569, 60 Atl. 136; and that the act com-

plained of, as causing the injury, was one of the acts described in the statute for which double or treble damages might be awarded. *Rowell* v. *Crothers*, 75 Conn. 124, 52 Atl. 818; *Stevens* v. *Kelley*, 66 Conn. 570, 34 Atl. 502. And, further, we deem it proper to suggest, although it is a matter not necessarily involved in this case, that in compliance with the provision of the Practice Act, that the complaint should contain a demand for the relief to which the plaintiff supposes himself to be entitled, it would be well, if indeed it is not necessary, that one seeking to recover such extraordinary damages should state such claim in his pleadings.

The trial court rightly held that the complaint does not allege the facts essential to the recovery of double or treble damages under § 3 of chapter 216 of the Public Acts of 1905 as amended by chapter 268 of the Public Acts of 1909. The complaint charges the defendant with having caused the injury by operating his automobile in the manner forbidden by § 11 of chapter 211 of the Acts of 1909, namely, recklessly and at an unreasonable and improper rate of speed, and so as to endanger the life and limbs of persons in the street. It is true that it also alleges that the defendant "unlawfully and negligently ran said automobile into and against the plaintiff," and thereby injured her. But as damages for such alleged injury are recoverable without the aid of chapter 268 of the Acts of 1909, this averment does not indicate that the action is brought under chapter 268 for double or treble damages.

Again, the complaint fails to allege, and it does not appear to have been proved, that the injury to the plaintiff was caused by the failure of the defendant to conform to the provisions of § 2 of chapter 216 of the Acts of 1905, of which § 3 of said chapter 268 is an amendment. The purpose of said Act of 1905 was to establish definite rules regarding the conduct of persons meet-

ing or passing each other upon public highways, and the conduct of persons at the intersection of streets; and § 3, both as originally passed and as amended in 1909, provided for the payment of the increased damages for an injury caused by the person neglecting to conform to the provisions of § 2.

The words in § 3, "or shall negligently collide with another, thereby causing such injury," cannot properly be construed as giving an action for double or treble damages independently of any violation of the provisions of § 2. In view of the title of this Act, and the provisions of § 2, and of the words of § 3, "by neglecting to conform to the provisions of section two of this act," it is difficult to believe that it was the intention of the legislature to provide in this Act that any person walking or riding in the highway, and not violating the rules of § 2, might be held liable to pay double and even treble damages, merely because he carelessly collided with another person walking or riding in the highway.

Although our conclusions, above stated, are decisive of this appeal, yet as the question of the construction of the language of chapter 268 of the Acts of 1909 regarding the discretionary power of the trial judge to double or treble damages, or to refuse to do either, is one which is likely to be raised in other cases, we deem it advisable to express our opinion upon it here.

Section 3 of chapter 216 of the Public Acts of 1905 provided for the payment of treble damages only, without expressly giving any discretionary power to the trial judge. Although the language of the amendment of 1909, chapter 268, is not entirely clear upon this point, we think the purpose of it was to limit the recovery of such extraordinary damages to cases in which it appeared to the trial judge that such enhanced damages were just. We discover no satisfactory reason why the

legislature should have intended to permit the trial judge to treble the damages in only those cases in which he thought it was just, and yet be compelled to double them in cases in which he thought it unjust. We think the language used means that the person held liable, shall pay double or treble damages when in the discretion of the trial judge it shall seem just that he should pay such increased damages, and that unless it shall seem just to such judge that the damages should be double or trebled, the plaintiff can only recover the actual damages awarded by the jury.

There is no error.

In this opinion the other judges concurred.