STEVENS, J.
 

 On October 16, 1995, the plaintiff, Eva Bourke, filed a second revised complaint in four counts sounding in recklessness, negligence, nuisance and violation of General Statutes §§ 47a-7 and 47a-13, against the defendants, Stamford Hospital, Stamford Hospital Health Corporation and Towers Property Limited. Pending before the court are the defendants’ motions to strike the fourth count of the revised complaint.
 

 The plaintiff alleges in the fourth count of her revised complaint that she was employed as a nurse by Stamford Hospital Health Corporation, which was owned by Stamford Hospital, and managed by Towers Property Limited. The plaintiff further alleges that at 1 a.m. on April 17, 1992, an unknown individual attempted to enter her apartment through a ground floor window,
 
 *547
 
 which the plaintiff reported to the police and the defendants. The plaintiff further alleges that an employee of Stamford Hospital was sent to repair her window on April 17, 1992, and assured her that her apartment was secure, but, on April 20, 1992, an unknown person gained entrance to the plaintiffs apartment through a ground floor window, whereupon the individual attacked the plaintiff, took her property and caused her personal injuries. She alleges that she suffered physical and mental pain and anguish, required medical treatment, and lost her ability to enjoy normal life activities. The plaintiff claims that her damages were caused by the defendants’ failure to provide adequate security in violation of § 47a-13 (a), which requires landlords to supply “essential services” to tenants.
 

 “The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff.” (Internal quotation marks omitted.)
 
 Novametrix Medical Systems, Inc.
 
 v.
 
 BOC Group, Inc.,
 
 224 Conn. 210, 214-15, 618 A.2d 25 (1992). “This includes the facts necessarily implied and fairly provable under the allegations. ... It does not include, however, the legal conclusions or opinions stated in the complaint.” (Internal quotation marks omitted.)
 
 S.M.S. Textile Mills, Inc.
 
 v.
 
 Brown, Jacobson, Tillinghast, Lahan & King, P.C.,
 
 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). “If facts provable in the complaint would support a cause of action, the motion to strike must be denied.” (Internal quotation marks omitted.) Id. “A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged.”
 
 Novametrix Medical Systems, Inc.
 
 v.
 
 BOC Group, Inc.,
 
 supra, 215.
 

 
 *548
 
 The defendants’ motions to strike raise two issues of first impression: (1) whether adequate security is one of the “essential services” that a landlord may be required to provide under § 47a-13 (a); and (2) whether the “actual damages” that a tenant may recover for a landlord’s wilful failure to provide an essential service includes damages for personal injuries. The court holds that § 47a-13 does not authorize a cause of action for the recovery of damages for personal injuries and, therefore, the court will reserve for another time the question of whether adequate security may be an essential service under § 47a-13.
 

 Section 47a-7 (a) provides in relevant part that “[a] landlord shall . . . make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition . . . .” Section 47a-13 (a) provides that “[i]f the landlord is required to supply heat, running water, hot water, electricity, gas or other essential service, and if the landlord fails to supply such essential service and the failure is not caused by conditions beyond the landlord’s control, the tenant may give notice to the landlord specifying the breach and may elect to (1) procure reasonable amounts of heat, hot water, running water, electric, gas or other essential service during the period of the landlord’s noncompliance and deduct the actual and reasonable cost of such service from the rent; or (2) procure reasonable substitute housing during the period of the landlord’s noncompliance if the landlord fails to supply such service within two business days of such breach, except if the breach is the failure to provide the same service and such breach recurs within six months, the tenant may secure substitute housing immediately; or (3) if the failure to supply such service is wilful, the tenant may terminate the rental agreement and recover an amount not more than two months’ periodic rent or double the actual damages sustained by him, whichever is greater. If the
 
 *549
 
 rental agreement is terminated, the landlord shall return all security and prepaid rent and interest required pursuant to section 47a-22, recoverable under section 47a-21.” Section 47a-13 (b) also allows the tenant to recover reasonable attorney’s fees.
 

 The analysis of this issue requires the interpretation of the statutory language. “In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. . . . When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature’s intent.” (Internal quotation marks omitted.)
 
 Mattatuck Museum-Mattatuck Historical Society
 
 v.
 
 Administrator, Unemployment Compensation Act,
 
 238 Conn. 273, 278-79, 679 A.2d 347 (1996). “Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.” (Internal quotation marks omitted.)
 
 Duni
 
 v.
 
 United Technologies Corp.,
 
 239 Conn. 19, 24, 682 A.2d 99 (1996). “It is a basic tenet of statutory construction that the intent of the legislature is to be found not in an isolated phrase or sentence but, rather, from the statutory scheme as a whole.” (Internal quotation marks omitted.)
 
 Figueroa
 
 v.
 
 C & S Ball Bearing,
 
 237 Conn. 1, 6, 675 A.2d 845 (1996).
 

 “Finally, common sense must be used in statutory interpretation, and courts will assume that the legislature intended to accomplish a reasonable and rational result.” (Internal quotation marks omitted.)
 
 Cannata
 
 v.
 
 *550
 

 Dept. of Environmental Protection,
 
 239 Conn. 124, 141, 680 A.2d 1329 (1996).
 

 The plaintiff contends that her personal injuries resulting from the assault by a third party fall within the statutory language of §§ 47a-7 and 47a-13. More specifically, she claims that the defendants were required to supply adequate security as an “essential service” and that their failure to provide this service makes them liable for “actual damages.” The plaintiff argues that actual damages encompasses personal injury damages, including pain and suffering.
 

 The plaintiff supports this argument by insisting that the statutory language allowing recovery of actual damages is plain and unambiguous and that the definition of actual damages is clear and well established. Actual damages are generally defined as “[djamages in compensation for the loss or injury suffered rather than those allowed by way of punishment of the defendant or deterring others.” Ballentine’s Law Dictionary (3d Ed. 1969); see
 
 DeNapoli
 
 v.
 
 Cooke,
 
 43 Conn. App. 419, 427, 682 A.2d 603 (1996) (“actual damages are synonymous with compensatory damages and with general damages”). Although the plaintiffs argument has some direct, straightforward logic, it does not fully appreciate the nature of the relief allowed, the context of the language in question, or the general propose of the statutory scheme.
 

 First, although the plaintiff emphasizes the general definition of actual damages to support her contention that personal injury damages are recoverable under § 47a-13 (a), this statute does not just allow a tenant to recover actual damages. Section 47a-13 (a) (3) allows a tenant to recover
 
 “double
 
 the actual damages” for a landlord’s failure to provide an essential service. (Emphasis added.) The allowance of double damages is contrary to the plaintiffs argument that the statute
 
 *551
 
 should be construed as contemplating the recovery of general compensatory damages, because such a double recovery ordinarily contemplates punishment and deterrence, as well as compensation. The law is well established that a statute that “requires the person at fault to pay to the injured party a greater sum than that which measures the injury sustained, though not strictly penal, it so far partakes of the nature of a penal statute that it should be construed with reasonable strictness in determining whether the act complained of comes within the description in the statute of the acts for which the person in fault is made liable.”
 
 Dubreuil
 
 v.
 
 Waterman,
 
 84 Conn. 47, 51, 78 A. 721 (1911). Consequently, because the statute allows for a double recovery that is punitive in nature, the court must carefully review its language to ensure that a recovery for personal injuries is in fact within the scope of the statutory remedies. The court’s analysis must, therefore, proceed beyond the plain words of the statute to ensure that the proposed interpretation is consistent with the statutory scheme and the legislative intent.
 

 The clear thrust of the overall statutory scheme indicates that the services required and the remedies allowed are grounded in the contractual nature and expectations of the landlord-tenant relationship. Under § 47a-13, the listed services the landlord is required to supply are heat, running water, hot water, electricity and gas. Furthermore, § 47a-7 requires the landlord to “make repairs” and to keep the premises in a “habitable condition.” Additionally, the specific subsection the plaintiff seeks to recover under, § 47a-13 (a) (3), allows the tenant to terminate the “rental agreement” and to recover double the actual damages if the landlord’s failure to provide an “essential service” is wilful. The reference to the rental agreement within the particular subsection at issue further buttresses the view that the
 
 *552
 
 statutory remedies contemplate contract based remedies arising from the landlord-tenant relationship, rather than tort remedies generally.
 

 Similarly, the purpose of the statute is to provide remedies for tenants who may have unequal bargaining power with respect to the landlord over services that are within the landlord’s control and within the context of their landlord-tenant relationship. Section 47a-13 clearly enlarges the landlord’s liability beyond the liability imposed by the common law, particularly by allowing the recovery of double damages and attorney’s fees. Also, permitting a recovery for personal injuries under this statute would represent an even more extraordinary enlargement of a landlord’s liability. There is, however, absolutely nothing in the legislative history supporting such an expansive construction of the actual damages allowed by the statute, and it would be reasonable to expect that if the legislature intended to enlarge landlord liability to this extent it would have either used very clear language evidencing this intent or expressed this intent explicitly during the legislative discussions about the statute. Although certainly not conclusive, the complete lack of explicit authorization or any legislative discussion about such a broad, unprecedented enlargement of landlord liability to include double damages for personal injuries fails to support the plaintiffs argument.
 

 In summary, the court concludes that a reasonably strict construction of § 47a-13 establishes that a recovery of personal injury damages is neither consistent with the overall statutory scheme nor supported by the legislative history. A recovery of double damages under § 47a-13 involves punishment and deterrence as well as compensation, and, therefore, must be viewed as being punitive in nature. Allowing such a double recovery for personal injuries would so enormously and disproportionately exceed the expressly contemplated
 
 *553
 
 contract based remedies of the statute that the court should not recognize such relief without reasonably clear statutory authority, which is absent here. The plaintiff has other remedies available to her permitting compensation for any personal injuries for which the defendants may be liable and she has pursued these remedies in the other counts of the revised complaint.
 

 For all the foregoing reasons, therefore, the defendants’ motions to strike count four of the second revised complaint are hereby granted.